No. 83-301

IN THE SUPREME COURT OF THE STATE OF MONTANA

1983

---

AETNA LIFE AND CASUALTY INSURANCE
COMPANY,

                    Plaintiff and Appellant,

        -vs-

WAYNE JOHNSON, d/b/a CORAL REEF PET SHOP
and COMMERCIAL UNION INSURANCE COMPANIES,

                    Defendants and Respondents.

---

APPEAL FROM:   District Court of the Eighteenth Judicial District,
               In and for the County of Gallatin,
               The Honorable Joseph B. Gary, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

               Wellcome & Frost; G. Page Wellcome argued, Bozeman,
               Montana

        For Respondents:

               Anderson, Brown, Gerbase, Cebull & Jones; James L.
               Jones argued, Billings, Montana
               Wayne Johnson, pro se, Clarkson, Washington

---

                              Submitted:  November 1, 1983

                              Decided:  January 5, 1984

Filed:    JAN 5 - 1984

_Ethel M. Harrison_
_____
                    Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

Aetna Life and Casualty Insurance Co. (Aetna) appeals the summary judgment ordered by the Gallatin County District Court in its action against Wayne Johnson, d/b/a Coral Reef Pet Shop, and Johnson's insurer, Commercial Union Assurance (C.U.), respondent, for losses it paid to its insured, caused by a fire set by Johnson. We affirm.

On May 22, 1980, a fire occurred at the Coral Reef Pet Shop in Bozeman, causing extensive damage to the pet shop and adjacent businesses. On December 1, 1980, Wayne Johnson, proprietor of the pet shop, was charged with criminal mischief and arson. At his trial the State sought to prove that he intentionally set the fire to defraud his insurance company, C.U. He was convicted by a jury on April 23, 1981. This Court affirmed that conviction on February 25, 1982. State v. Johnson (Mont. 1982), 641 P.2d 462, 39 St.Rep. 419.

C.U. subsequently commenced an action for declaratory judgment against Johnson to establish that it had no obligation to pay for Johnson's losses as the fire was set intentionally. Since Aetna paid for the damage to the surrounding businesses, it sought to intervene in this action to establish that Johnson was guilty of negligence in causing the fire. This would enable Aetna to recover the amount it paid to other businesses under the liability portion of Johnson's policy. Intervention was granted on April 17, 1982. Aetna also filed a separate action against Johnson and C.U. The two actions were consolidated.

C.U. filed a motion for summary judgment, arguing that the nature of Johnson's act is res judicata in the civil action and relitigation thereof should be barred. The

2

District Court granted the motion for summary judgment. The court's supporting memorandum indicated that since the question at bar had not been decided by this Court, it would be more efficient to appeal the summary judgment rather than conducting a full trial. Also, the District Court pointed out that there is a trend that evidence of a conviction is conclusive as to the facts previously determined in the criminal trial. From the summary judgment, Aetna appeals and raises one issue for our consideration:

Was the District Court correct in holding that a criminal conviction of arson is res judicata in a subsequent civil action brought by a third party seeking to establish damages and liability coverage?

Aetna argues that the circumstantial evidence supporting Johnson's conviction and the lack of a sufficient arson investigation leave many factual questions for a jury in spite of the conviction and appeal. Thus, a civil trial on C.U.'s liability coverage should not be precluded by res judicata or collateral estoppel.

Aetna also asserts that the different nature of the actual proceedings and the interests of the parties involved prevent either proceeding from barring the other.

C.U. argues that concepts of res judicata and collateral estoppel should apply here. Essentially, the question of liability hinges upon the nature of Johnson's acts and this was determined at the criminal trial and reviewed by this Court. The fact that Aetna was not a party in the previous action is immaterial. As long as the party against whom the claim is advanced remains the same from the previous action, it is immaterial that the other parties are not precisely identical.

While this Court has never directly addressed the question at bar, other jurisdictions have done so. In Casey v. Northwestern Security Insurance Company (1971), 260 Or. 485, 491 P.2d 208, the Oregon Supreme Court held that the insured's conviction of assault with a dangerous weapon upon the victim, who subsequently sued the insured for injuries inflicted by the crime, conclusively established that the insured acted intentionally. When the insured sought to have his insurance company defend him in the suit, the insurer asserted it had no duty to defend as there was no coverage since the injuries inflicted by the insured were intentional. The Court held that the insured was collaterally estopped from relitigating the issue of whether his acts were intentional in his action against his insurance company for attorney fees. The Oregon Court relied on California and Pennsylvania cases to support its holding.

In Teitelbaum Furs, Inc. v. Dominion Insurance Company (1962), 25 Cal.Rptr. 559, 375 P.2d 439, the California Supreme Court found that ". . . any issue necessarily decided in a prior criminal proceeding is conclusively determined as to the parties if it is involved in a subsequent civil action." 375 P.2d at 442. Justice Traynor's comments explain the basis for this rule:

> "'. . . To preclude a civil litigant from relitigating an issue previously found against him in a criminal prosecution is less severe than to preclude him from relitigating such an issue in successive civil trials, for there are rigorous safeguards against unjust conviction, including the requirements of proof beyond a reasonable doubt (Code Civ.Proc. § 2061) and of a unanimous verdict (Pen. Code, § 1164), the right to counsel (In re James, 38 Cal.2d 302, 240 P.2d 596), and a record paid for by the state on appeal (Cal. Rules of Court, rule 33). Stability of judgments and expeditious

trials are served and no injustice done, when criminal defendants are estopped from relitigating issues determined in conformity with these safeguards.' 375 P.2d at 441."

The California Court held that three questions were pertinent to determine the applicability of collateral estoppel. They are:

". . . [1] Was the issue decided in the prior adjudication identical with the one presented in the action in question? [2] Was there a final judgment on the merits? [3] Was the party against whom the plea is asserted a party or in privity with a party to the prior adjudication? . . ." 375 P.2d at 440.

See, Bernhard v. Bank of America (1942), 19 Cal.2d 807, 810, 122 P.2d 892, 894. An affirmative answer to each query would establish a basis for collateral estoppel.

In Mineo v. Eureka Security Fire & Marine Insurance Company (1956), 182 Pa.Super. 75, 125 A.2d 612, the Superior Court of Pennsylvania held that an insured's conviction for setting a fire, which caused damages for which recovery was sought, was a bar to the insured's assignee's recovery on the fire policy. In essence, the key issue in the civil trial brought by the assignee was whether the insured intentionally set the fire. If so, the policy would not cover the damage pursuant to the provisions of the policy. The court found that this issue was previously determined in the criminal trial and reviewed on appeal. Thus, such determination is conclusive in the subsequent civil trial and the assignee was estopped from relitigating the question. The Pennsylvania Court set forth sound policy for this rule:

"Whether the insureds set the fire or not is a question of fact which has been established beyond a reasonable doubt in a court proceedings. Once this fact has been established, and the Commonwealth, in whose hands rests the maintenance of

5

> public policy, has satisifed itself of
> the fact, why then should it permit its
> courts to be used by the insured in an
> effort to obtain reward for the crime
> which the Commonwealth has already con-
> cluded he has committed?" 125 A.2d at
> 617.

Another case is particularly on point. The appellate division of the New Jersey Superior Court held that the doctrine of collateral estoppel barred an injured party from relitigating with an insurer the question of whether his injuries had been intentionally caused by the insured and within the policy exclusion for bodily injury caused "intentionally" by the insured. New Jersey Manufacturers Insurance Company v. Brower (1978), 161 N.J.Super. 293, 391 A.2d 923.

We hold that collateral estoppel will bar litigation of an issue in a civil trial that has previously been litigated in a criminal trial when the requirements of Teitelbaum Furs, Inc., have been met. The authority discussed above is persuasive and represents a growing trend indicative of our holding.

As discussed in Teitelbaum Furs, Inc., supra, the rigorous safeguards against an unjust criminal conviction, especially the requirement of proof beyond a reasonable doubt as opposed to the preponderance of the evidence, make collateral estoppel between criminal and civil trials less severe than between successive civil trials. Furthermore, application of collateral estoppel promotes expeditious trials and stability of judgments. We will not show such lack of faith in the criminal judicial system to allow an issue fully and fairly litigated in a criminal trial to be completely relitigated in a subsequent civil trial.

The District Court found that the conviction of Johnson is res judicata in a subsequent civil case. However, res

6

judicata is different from collateral estoppel. Collateral estoppel involves preclusion of _issues_ previously litigated and res judicata is preclusion of _claims_ that have been litigated. Larry C. Iverson, Inc. v. Bouma (Mont. 1981), 639 P.2d 47, 38 St.Rep. 1911. Our holding embraces only collateral estoppel and, thus, is specifically limited to issue preclusion.

Aetna contends that Wilson v. Gehring (1968), 152 Mont. 221, 448 P.2d 678, is in direct conflict with this ruling. It quotes the following language from the case to support this contention:

> "Defendant's first argument is an effort to convince this Court that a judgment in a criminal action should be a bar to this civil proceeding for damages. Such is not the law of Montana and no purpose would be served by an extended discussion. Suffice it to say that the criminal proceeding is one prosecuted by the state for an offense against one of its residents; the civil proceeding is one brought by an injured person to recover from the wrongdoer damages for the injuries caused. The injured person has no individual legal interest in the criminal proceeding; the state has no direct legal interest in the civil proceeding. Neither proceeding is a bar to the other. . . ." 152 Mont. at 227-228, 448 P.2d at 692.

While this language arguably supports the view that a judgment in a criminal action would not bar a subsequent civil proceeding for damages, it exceeds the scope of the issues appealed and is therefore dicta. The _Wilson_ holding is correct because an acquittal was involved. A subsequent civil action could produce a different result since a _lesser_ burden of proof is applied. Thus, an acquittal should not bar a subsequent civil action. However, any language in _Wilson_ giving this specific rule a broader meaning is dicta.

In the present case we find that collateral estoppel bars relitigation of the issue of whether Johnson intentionally set the fire on his business premises. Applying the factors enumerated in <u>Teitelbaum</u> <u>Furs</u>, <u>Inc.</u>, we find first that the issue decided in the criminal trial is identical to the key issue in the civil trial: whether Johnson set the fire intentionally. Second, there was a final judgment on the merits: Johnson was convicted. Third, the party against whom the plea is asserted is Aetna and it is in privity with Johnson. The fact that the parties in the civil action are not the same as those in the criminal action does not render the doctrine inapplicable. Many courts that have addressed this issue have rejected what it called mutuality of parties or mutality of estoppel (i.e. that the parties remain the same in each action). <u>Casey</u>, supra; <u>Teitelbaum,Furs</u>, <u>Inc.</u>, supra; and <u>Brower</u>, supra. However, the party <u>against</u> <u>whom</u> <u>the</u> <u>claim</u> <u>is</u> <u>advanced</u> must remain the same or be a privy of the earlier party. Seattle First Natl. Bank v. Cannon (1980), 26 Wash.App.2d 922, 615 P.2d 1316; New Jersey Manufacturers Insurance Company v. Brower, supra. While Aetna was not involved in the original action, it was in privity with Johnson and, therefore, barred from relitigating any issue decided against Johnson. First, Aetna's recovery hinges upon the nature of Johnson's acts. If he acted intentionally, he is excluded from coverage and Aetna could not recover for losses it paid. Thus, Aetna's rights under Johnson's insurance policy are derivative of those of Johnson. In effect, Aetna stands in the shoes of Johnson with respect to the liability policy involved. <u>New</u> <u>Jersey</u> <u>Manufacturers</u> <u>Insurance</u> <u>Company</u>, supra; Burd v. Sussex Mut. Ins. Co. (1970), 56 N.J. 383, 397, 267 A.2d 7. Second, an

identity of interest existed between Aetna and Johnson at the time of the criminal proceeding. Johnson had a great personal interest in establishing that he did not set the fire because he would have avoided criminal responsibility for arson and retained the property damage coverage on his insurance policy. Aetna had a similar interest in Johnson not being found guilty of intentionally setting the fire as it would have recovered for losses under the liability portion of his insurance policy.

Affirmed.

_____
                Chief Justice

We concur:

_____

_____

_____

_____

_____

_____
                Justices