JUSTICE TRIEWEILER
dissenting.
I dissent from the opinion of the majority.
I believe that the plaintiff was entitled to a directed verdict on the issue of negligence as a matter of law. I base that conclusion on our prior decision in Aetna Life & Cas. Ins. Co. v. Johnson (1984), 207 Mont. 409, 673 P.2d 1277, where we held that collateral estoppel bars litigation of an issue in a civil trial that has been previously litigated in a criminal trial.
In this case, defendant Sandra Cannon stated in her own testimony that she was charged with careless driving by the investigating highway patrolman. She pled not guilty to that offense. She testified that she and the investigating officer appeared before a judge and that after testimony was heard she was found guilty.
Careless driving is prohibited by § 61-8-302, MCA, which provides as follows:
“A person operating or driving a vehicle of any character on a public highway of this state shall drive it in a careful and prudent manner so as not to unduly or unreasonably endanger the life, limb, property, or other rights of a person entitled to the use of the street or highway.”
Based on the rule of collateral estoppel, defendant Cannon was prohibited from denying her violation of that statute in this subsequent civil action. Her violation of that statute was negligence as a matter of law. See Roberts v. Burlington Northern R.R. (1976), 171 Mont. 143, 556 P.2d 1243. The jury should have been so instructed and the issue of proximate cause submitted separately to the jury.
In our decision in Aetna Life & Cas. Ins. Co. v. Johnson, we discussed the following California authority with approval:
In Teitelbaum Furs, Inc v. Dominion Insurance Company (1962), 58 Cal.2d 601, 25 Cal.Rptr. 559, 375 P.2d 439, the California Supreme Court found that"... any issue necessarily decided in a prior criminal proceeding is conclusively determined as to the parties if it is involved *276 in a subsequent civil action.” 25 Cal.Rptr. at 562, 375 P.2d at 442. Justice Traynor’s comments explain the basis for this rule:
“‘...To preclude a civil litigant from relitigating an issue previously found against him in a criminal prosecution is less severe than to preclude him from relitigating such an issue in successive civil trials, for there are rigorous safeguards against unjust conviction, including the requirements of proof beyond a reasonable doubt (Code Civ.Proc. § 2061) and of a unanimous verdict (Pen. Code. § 1164), the right to counsel (In re James, 38 Cal.2d 302, 240 P.2d 596), and a record paid for by the state on appeal (Cal. Rules of Court, rule 33). Stability of judgments and expeditious trials are served and no injustice done, when criminal defendants are estopped from relitigating issues determined in conformity with these safeguards.’ ” 25 Cal.Rptr. at 561, 375 P.2d at 441.
“The California Court held that three questions were pertinent to determine the applicability of collateral estoppel. They are:
“... [1] Was the issue decided in the prior adjudication identical with the one presented in the action in question? [2] Was there a final judgment on the merits? [3] Was the party against whom the plea is asserted a party or in privity with a party to the prior adjudication? ...” 25 Cal.Rptr. at 560, 375 P.2d at 440.
Aetna Life & Cas., 207 Mont. at 412-13, 673 P.2d at 1279.
After discussing the California decision, we held that:
“[Cjollateral estoppel will bar litigation of an issue in a civil trial that has previously been litigated in a criminal trial when the requirements of Teitelbaum Furs, Inc., have been met. The authority discussed above is persuasive and represents a growing trend indicative of our holding.
“As discussed in Teitelbaum Furs, Inc., supra, the rigorous safeguards against an unjust criminal conviction, especially the requirement of proof beyond a reasonable doubt as opposed to the preponderance of the evidence, make collateral estoppel between criminal and civil trials less severe than between successive civil trials. Furthermore, application of collateral estoppel promotes expeditious trials and stability of judgments. We will not show such lack of faith in the criminal judicial system to allow an issue fully and fairly litigated in a criminal trial to be completely relitigated in a subsequent civil trial.”
Aetna Life & Cas., 207 Mont. at 414, 673 P.2d at 1280.
All of the requirements set forth in Teitelbaum Furs and adopted in. Aetna Life & Casualty are present in this case: (1) in the previous *277 adjudication it was determined that the defendant violated a motor vehicle statute which established her negligence as a matter of law; (2) there was a final judgment on the merits; and (3) the party against whom collateral estoppel is being asserted was the party in the prior adjudication.
The interest of our courts in expeditious trials and stability of judgments is just as present in this case as it was in Aetna Life & Casualty. Defendant Cannon had her day in court when she denied being guilty of the motor vehicle violation with which she was charged. A judge who listened to the evidence determined that she was guilty, and she should not have been given a second opportunity to relitigate the same issue in the subsequent civil proceeding filed against her.
For these reasons, I conclude that defendant Cannon was negligent as a matter of law and that a directed verdict should have been entered against her on that issue at the conclusion of the evidence. I would reverse the judgment in favor of the defendants.