106 F.3d 408
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Terry Allen LANGFORD, Plaintiff-Appellant,
v.
Rick DAY, Acting Administrator of Corrections Division;
Joseph P. Mazurek, Attorney General of the State
of Montana; Marc Racicot, Governor,
Defendants-Appellees.
 No. 95-99017.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 13, 1996.*
Decided Dec. 24, 1996.
 
 Before: CANBY, TROTT AND HAWKINS, CIRCUIT JUDGES.
 
 
 1
 MEMORANDUM**
 
 
 2
 Terry Allen Langford, a Montana death-row inmate, appeals the district court's dismissal of his 42 U.S.C. § 1983 action. Langford argues that the Montana death penalty statutes violate the Eighth and Fourteenth Amendments because they were illegally enacted by the Montana legislature. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 The proper place in which to raise this issue is Langford's habeas corpus petition, where he has in fact raised it. We have rejected his contentions in an opinion filed contemporaneously with this memorandum. See Langford v. Day, No. 95-99001, slip op. --- (9th Cir. ----, 19-). The district court examined Langford's claim, however, in the civil rights context because of the "gravity of the death penalty issue." We will do the same.
 
 
 4
 Whether the Montana death penalty statutes were enacted in violation of the Montana constitution is a question of state law that has been presented to the Montana Supreme Court and was decided on the merits. State v. Langford, 813 P.2d 936, 951 (Mont.1991). Therefore, this issue cannot be relitigated in federal court. See Wainwright v. Sykes, 433 U.S. 72, 81 (1977).
 
 
 5
 In addition, collateral estoppel bars litigation of this issue in a civil case because it was previously adjudicated in Langford's criminal case and (1) the issue decided in the prior adjudication was identical to the issue presented here, (2) final judgment was entered on the merits, and (3) Langford, against whom collateral estoppel is asserted, was a party to the prior criminal action. See Aetna Life & Casualty Ins. Co. v. Johnson, 673 P.2d 1277, 1279-80 (Mont.1984).
 
 
 6
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3