FILED

04/04/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0210

DA 16-0210

IN THE SUPREME COURT OF THE STATE OF MONTANA

2017 MT 75

CAPITAL ONE, NA as successor by Merger
to Chevy Chase Bank. F.S.B.,

       Plaintiff and Appellee,

  v.

MARTHA M. GUTHRIE; RICHARD A. GUTHRIE;
RICHARD A. GUTHRIE, as Custodian for Taylor M. Guthrie,

       Defendants and Appellants.

APPEAL FROM:    District Court of the Eleventh Judicial District,
                In and For the County of Flathead, Cause No. DV-10-597(A)
                Honorable Amy Eddy, Presiding Judge

COUNSEL OF RECORD:

      For Appellants:

          Harold V. Dye, Dye & Moe, P.L.L.P., Missoula, Montana

      For Appellee:

          Rik S. Tozzi, Burr & Forman LLP, Birmingham, Alabama

          Joe A. Solseng, Robinson Tait, P.S., Seattle, Washington

                       Submitted on Briefs:  January 25, 2017

                                   Decided:  April 4, 2017

Filed:

                                              Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1     Martha M. Guthrie, Richard A. Guthrie, and Richard A. Guthrie, as custodian for Taylor M. Guthrie, (Guthrie) appeal from a December 17, 2015 District Court order granting summary judgment to the plaintiff.  We affirm.

¶2     We restate the issues on appeal as follows:

*Issue One:  Did the retired District Court Judge have jurisdiction over the proceedings?*

*Issue Two:  Did the District Court err in granting partial summary judgment to Capital One on the equitable estoppel claim?*

*Issue Three:  Did the District Court properly rely on an affidavit when it granted Capital One's summary judgment motion?*

## FACTUAL AND PROCEDURAL BACKGROUND

¶3     In 2005, Guthrie took out a loan for the purchase of real property.  The mortgage was subsequently assigned to Chevy Chase Bank (Chevy) by the lender.  Guthrie and Chevy modified the loan twice.  In 2008, Guthrie requested a third loan modification. Chevy agreed to release a portion of its security over some of the property, which Guthrie could then sell.  Chevy's release was contingent on an appraisal of the remaining property.  The property did not value as high as Chevy required.  Chevy then suggested Guthrie pay down the mortgage in order to have a portion of the property released. Guthrie did not pay down the mortgage.[1]  Chevy merged with Capital One (Capital) and Capital took over as successor to the mortgage.

---

[1] Guthrie has not made any payments since July 2009.

¶4    In April 2010, Capital initiated a foreclosure action against Guthrie.  Guthrie asserted the affirmative defense of equitable estoppel based on the discussed third mortgage modification with Chevy.  For the next five years the parties filed various motions regarding the foreclosure action.  The District Court denied Guthrie's equitable estoppel claim and denied Capital's summary judgment motions on the right to foreclose at that time.

¶5    In June 2015, Capital moved for summary judgment, again seeking the right to foreclose on the property.  The motion was supported by exhibits A-J and the affidavits of Huy Pham (Pham), Cassie Dellwo, and Leslie Lane.  In July 2015, Guthrie filed an objection and motion to strike the Pham affidavit and a brief in opposition to the summary judgment motion.  Guthrie's argument in the motion to strike was that the Pham affidavit was not admissible; it was not based on Pham's personal knowledge, uncertified document copies were attached, and it failed to establish foundation for the business records exemption.  Guthrie did not deny the existence of the loan or the default of payment, or provide evidence or facts to rebut Capital's right to foreclose.

¶6    In July 2015, Capital submitted both an opposition to the Guthrie motion to strike Pham's affidavit and a reply in support of its motion for summary judgment.  Capital argued the affidavit's contents were properly authenticated as a business record pursuant to M. R. Civ. P. 803(6) and the affidavit clearly showed Pham had personal knowledge of the statements and procedures therein.

¶7    In the summer of 2015, the presiding judge, Ted O. Lympus, announced his retirement.  The Chief Justice of the Montana Supreme Court directed retired District

3

Court Judge Katherine R. Curtis (Judge Curtis) to assume temporary judicial authority of Judge Lympus' pending cases.[2] Judge Curtis was given "full authority to conduct all proceedings required by law" for such cases "including final resolution."

¶8 On September 16, 2015, Judge Curtis denied Guthrie's motion to strike the Pham affidavit, noting Guthrie was relying on those same exhibits in its own filings or had admitted that the copies were genuine.

¶9 Ultimately, the Governor appointed Amy Eddy as District Judge to replace Judge Lympus and she assumed final authority over these proceedings. On December 17, 2015, following a hearing, Judge Eddy granted Capital's motion for summary judgment, noting Guthrie had failed to put any material fact in dispute. Guthrie appeals.

## STANDARD OF REVIEW

¶10 Whether a court has jurisdiction is a legal conclusion, which this Court reviews de novo. *Pinnow v. Montana State Fund*, 2007 MT 332, ¶ 13, 340 Mont. 217, 172 P.3d 1273.

¶11 The Montana Supreme Court reviews the granting of a motion for summary judgment de novo, using the same standards applied by the District Court under M. R. Civ. P. 56. *Pilgeram v. GreenPoint Mortg. Funding, Inc.*, 2013 MT 354, ¶ 9, 373 Mont. 1, 313 P.3d 839; *In re Estate of Harmon*, 2011 MT 84A, ¶ 14, 360 Mont. 150, 253 P. 3d 821. Summary judgment is appropriate if the pleadings, depositions, answers to

---

[2] On July 9, 2015, the Chief Justice issued an order directing Judge Curtis to assume jurisdiction over sixteen civil cases. On August 11, 2015, the Chief Justice also directed Judge Curtis to "assume judicial authority of all cases scheduled in Department 1 on the Law and Motion Calendar, Criminal Calendar, and Juvenile Calendar for the dates September 1 to December 31, 2015."

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. M. R. Civ. P. 56(c)(3); *Roe v. City of Missoula*, 2009 MT 417, ¶ 14, 354 Mont. 1, 221 P.3d 1200. The moving party has the burden of establishing the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. *Harmon*, ¶ 14. Once established the non-moving party must then present substantial evidence that raises a genuine issue of material fact essential to one or more elements of the case. *Apple Park LLC v. Apple Park Condos LLC,* 2008 MT 284, ¶ 11, 345 Mont. 359, 192 P.3d 232.

¶12 We review evidentiary rulings made in the context of a summary judgment proceeding de novo, and need not defer to the judgments and decision of the district court, in order to determine whether evidentiary requirements for summary judgment have been satisfied. *Smith v. Farmers Union Mut. Ins. Co*., 2011 MT 216, ¶ 15, 361 Mont. 516, 260 P.3d 163; *Harmon*, ¶ 14; *PPL Mont., L.L.C. v. State*, 2010 MT 64, ¶ 84, 355 Mont. 402, 229 P.3d 421, *rev'd on other grounds in PPL Mont., LLC v. Montana*, 565 U.S. 576, 132 S. Ct. 1215 (2010); *Boyne USA, Inc. v. Lone Moose Meadows, LLC*, 2010 MT 133, ¶ 11, 356 Mont. 408, 235 P.3d 1269.

**DISCUSSION**

¶13 *Issue One: Did the retired District Court Judge have jurisdiction over the proceeding?*

¶14 Guthrie contends Judge Curtis did not have jurisdiction over the motion to strike the Pham affidavit. Specifically, the case was not among the sixteen cases the Chief

5

Justice directed Judge Curtis to assume. Further, Guthrie argues that the Chief Justice's second order to Judge Curtis, that she assume judicial authority for all cases on the law and motion calendar, did not include the objection and motion to strike the Pham affidavit, because it was not a free standing request on the law and motion calendar.

¶15 Article VII Section 6(3) of the Montana Constitution provides that the Chief Justice of the Montana Supreme Court "may, upon request of the district judge, assign district judges and other judges for temporary service from one district to another and from one county to another." In interpreting the meaning of the Constitution's language this Court has construed "other judges" to include retired judges. *Cushman v. Mont. Twentieth Judicial Dist. Court,* 2015 MT 311, ¶ 6, 381 Mont. 324, 360 P.3d 492 (citing *State ex rel. Wilcox v. District Court*, 208 MT 351, 360, 378 P.2d 209, 214 (1984)). Section 19-5-103, MCA, provides that "a retired judge is subject to call for duty by the Chief Justice to aid and assist any district court or any water court under directions that the Chief Justice may give."

¶16 Judge Curtis was called for duty pursuant to § 19-5-103, MCA, and Article VII Section 6(3) of the Montana Constitution, at Judge Lympus' request. The order directed Judge Curtis to assume jurisdiction over sixteen specific civil cases on July 9, 2015. Guthrie's case was not among them. However, on August 11, 2015, the Chief Justice ordered Judge Curtis to "assume judicial authority of all cases scheduled in Department 1 on the Law and Motion Calendar, Criminal Calendar, and Juvenile Calendar for the dates September 1 to December 31, 2015." Additionally, Judge Curtis was given "full authority to conduct all proceedings required by law" for such cases "including final

6

resolution." The parties do not dispute that this case was assigned to Department 1, and that the motion for summary judgment was scheduled for a hearing on December 16, 2015.

¶17 Article VII Section 6(3) of the Montana Constitution, codified in § 19-5-103, MCA, entrusts the Chief Justice of the Montana Supreme Court to confer jurisdiction and authority to retired judges as district court judges. The authority the Chief Justice can confer is comprehensive, up to and including all duties of the sitting district court judge. Section 19-5-103, MCA. This Court, in accordance with its constitutional and statutory authority, provided Judge Curtis the authority and jurisdiction to rule on Guthrie's motion to strike. Capital's summary judgment motion hearing was scheduled for December 16, 2015, well within the specified time frame that Judge Curtis had jurisdiction. Guthrie's motion to strike the Pham affidavit was a proceeding required by law. Judge Curtis had jurisdiction and authority to rule on Guthrie's motion to strike.

¶18 *Issue Two: Did the District Court err in granting partial summary judgment to Capital One on the equitable estoppel claim?*

¶19 Guthrie argues the District Court erred in granting Capital's summary judgment motion and denying the affirmative defense of equitable estoppel. Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. M. R. Civ. P. 56(c)(3); *Roe* ¶ 14.

7

¶20 Guthrie argues they were prejudiced when the District Court relied on documentary evidence provided by Capital in the reply brief. Specifically, the District Court should not have considered the new evidence because it deprived Guthrie (the nonmoving party) of the opportunity to address it. However, the documents at issue were the "Defendant's Answer and Objections to Plaintiff's First Discovery Requests" and "Defendant's Narrative and Supporting Emails Regarding the Defendants Equitable Estoppel Claim." Consequently, Capital argues the inclusion of the new documents did not prejudice Guthrie. The supporting documents were not new to Guthrie because they created them. We agree.

¶21 Guthrie was the creator of the documents in question and therefore was in possession of the documents when Capital included them in the reply. The late inclusion of the documents did not prejudice Guthrie. Moreover, Guthrie failed to include support or documentation for the affirmative defense of equitable estoppel. Guthrie failed to place any material fact in dispute. The District Court properly granted summary judgment to Capital.

¶22 *Issue Three: Did the District Court properly rely on an affidavit when it granted Capital One's summary judgment motion?*

¶23 Guthrie argues because the Pham affidavit and supporting documents were not based on personal knowledge, as required by M. R. Civ. P. 56(e), they were improperly considered by the District Court when ruling on the motions for summary judgment. Specifically, Guthrie argues Pham's affidavit was hearsay.

¶24 An affidavit supporting a motion for summary judgment must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on matters stated. M. R. Civ. P. 56(e)(1). Any document referenced in the affidavit must be a sworn or certified copy, which is attached to or served with the affidavit. M. R. Civ. P. 56(e)(1). Exhibits in support of an affidavit may be attached if a foundation is laid for such exhibits based on any exception to the rule excluding hearsay evidence. *Alfson v. Allstate Prop. & Cas. Ins. Co.*, 2013 MT 326, ¶ 13, 372 Mont. 363, 313 P.3d 107.

¶25 Pham's affidavit falls within the "records of regularly conducted activity" exception to the hearsay exclusion. M. R. Evid. 803(6); *Bean v. Mont. Bd. of Labor Appeals*, 1998 MT 222, ¶ 20, 290 Mont. 496, 965 P.2d 256. For a record to be considered a record of regularly conducted business, it must have been made at or near the time of the act and routinely kept or made during regularly conducted business activity. M. R. Evid. 803(6); *Bean*, ¶ 20. The testimony of a custodian or other qualified witness may show the records meet these requirements, unless the source or circumstances of preparation indicate lack of trustworthiness. M. R. Evid. 803(6); *Bean*, ¶ 20.

¶26 Pham testified as an authorized signer that he had personal knowledge and firsthand experience regarding Capital's business records and home loan procedures. This knowledge is separate and apart from his review of such records. The purpose of Pham's testimony was to authenticate and establish the admissibility of the loan documents attached.

9

¶27 The documents attached were for the most part certified as true and correct. Three documents were at issue: copies of the title insurance policy for the property; certificate of merger of Chevy Chase Bank into Capital One; and the affidavit of Huy Pham that the original promissory note was lost or missing. Here, Guthrie (the objecting party) bears the burden of establishing that the documents lack trustworthiness. Significantly, Guthrie admitted, in the answer and counterclaim, that the copy of the promissory note was genuine. It was the exact same document Pham attached to his affidavit.

¶28 Pham was a custodian of these documents. As an authorized signer for Capital he had personal knowledge of the procedures and practices Capital and its predecessor followed regarding the creation of business records, and testified to the authenticity of the records. Most of the documents attached to the affidavit were certified. Those documents not certified as true and correct were certified as true through Pham's affidavit. A document "kept in the course of a regularly conducted business activity" may be admitted into evidence, even though it is hearsay, when it is "the regular practice of that business activity" to create the document. M. R. Evid. 803(6); *Rafanelli v. Dale*, 278 Mont. 28, 45, 924 P.2d 242, 253 (1996). Guthrie has not provided any evidence that the documents are not genuine. Guthrie failed to establish the documents lack trustworthiness.

## CONCLUSION

¶29 The retired District Court Judge had jurisdiction over the proceedings. Guthrie failed to prove any genuine issue of material fact remained and the District Court

10

properly relied on the Pham affidavit. Capital's motions for summary judgment were properly granted.

¶30     Affirmed.


                                        /S/ MIKE McGRATH



We Concur:

/S/ JAMES JEREMIAH SHEA
/S/ MICHAEL E WHEAT
/S/ DIRK M. SANDEFUR
/S/ JIM RICE