FILED

03/20/2018

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 17-0472

DA 17-0472

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2018 MT 53N

ROBERT S. PIERCE,

      Petitioner and Appellant,

    v.

TIM BARKELL; BILL SATHER; STEVE BARCLAY;
MALISSA RASAAKKA; M.R., Minor Child; and
ANACONDA-DEER LODGE COUNTY,

      Respondents and Appellees.

APPEAL FROM:    District Court of the Third Judicial District,
In and For the County of Anaconda-Deer Lodge, Cause No. DV 15-99
Honorable Ray J. Dayton, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Robert S. Pierce, self-represented; Deer Lodge, Montana

      For Appellees:

      William L. Crowley, Natasha Prinzing Jones, Tracey Neighbor Johnson,
Boone Karlberg P.C.; Missoula, Montana
*(for Anaconda-Deer Lodge County)*

      Elizabeth L. Griffing, Axilon Law Group, PLLC; Helena, Montana
*(for Malissa Raasakka and M.R.)*

      Mark A. Thieszen, Poore, Roth & Robinson, P.C.; Butte, Montana
*(for Tim Barkell, Bill Sather, and Steve Barclay)*

Submitted on Briefs:  February 28, 2018

Decided:  March 20, 2018

Filed:

_____
Clerk

Justice Ingrid Gustafson delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    Robert S. Pierce (Pierce) appeals from the order of the Third Judicial District Court, Anaconda-Deer Lodge County, granting motions for summary judgment made by: Tim Barkell (Barkell), Bill Sather (Sather), and Steve Barclay (Barclay); Malissa Raasakka (Raasakka) and M.R., Minor Child; and Anaconda-Deer Lodge County (ADLC). We affirm.

¶3    On April 25, 2013, a jury found Pierce guilty of Sexual Intercourse Without Consent and Sexual Assault of M.R., a minor under the age of 16. This Court upheld Pierce's conviction on appeal. *State v. Pierce*, 2016 MT 308, 385 Mont. 439, 384 P.3d 1042.

¶4    While Pierce's appeal was pending, he filed this civil suit in the Third Judicial District Court against Barkell, Sather, Barclay, Raasakka, M.R., and ADLC, alleging conspiracy, defamation, intimidation, false reports, and various civil rights violations, including both state claims and federal claims under 42 U.S.C. § 1983.

¶5    Barkell, Sather, and Barclay are law enforcement officers who were involved in the investigation of the criminal complaints against Pierce, and ADLC is their employer. M.R. is the victim of the offenses for which Pierce was convicted. Raasakka is M.R.'s mother.

2

¶6     After Pierce filed his civil suit, Barkell, Sather, and Barclay removed the action to federal court. The federal court dismissed Pierce's § 1983 claims as barred under *Heck v. Humphrey*, 512 U.S. 477 (1994) (holding that a plaintiff cannot prosecute a § 1983 action for damages if the action's success would imply that the plaintiff's existing criminal conviction or sentence is invalid). The court then declined to exercise supplemental jurisdiction over Pierce's remaining state law claims and remanded this case to state court.

¶7     After remand to the Third Judicial District Court, ADLC, Raasakka and M.R., and Barkell, Sather, and Barclay all moved for summary judgment. On June 5, 2017, the District Court granted summary judgment on each party's respective motion. Regarding ADLC, the court found Pierce had conceded that summary judgment in ADLC's favor was warranted. The court further determined the remaining parties were entitled to summary judgment because Pierce was collaterally estopped from re-litigating the issues already decided in his criminal case. This appeal followed.

¶8     We review a district court's grant of summary judgment de novo, using the same standards applied by the district court under M. R. Civ. P. 56. *Capital One, NA v. Guthrie*, 2017 MT 75, ¶ 11, 387 Mont. 147, 392 P.3d 158 (citation omitted). Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *Capital One*, ¶ 11 (citing M. R. Civ. P. 56(c)(3)). We review conclusions of law for correctness and the

3

district court's findings of fact to determine if they are clearly erroneous. *Lone Moose Meadows, LLC v. Boyne USA, Inc.*, 2017 MT 142, ¶ 7, 387 Mont. 507, 396 P.3d 128.

¶9 We review de novo a district court's interpretation and application of a statute and a district court's conclusions of law. This includes a district court's application of claim preclusion or issue preclusion (collateral estoppel), which is an issue of law that we review for correctness. *Brilz v. Metro. Gen. Ins. Co.*, 2012 MT 184, ¶ 13, 366 Mont. 78, 285 P.3d 494 (citations omitted).

¶10 The doctrine of collateral estoppel precludes litigation of issues determined in an earlier action. *Estate of Eide v. Tabbert*, 272 Mont. 180, 183, 900 P.2d 292, 295 (citation omitted). We have expressly held collateral estoppel prohibits the litigation of an issue in a civil trial that has been litigated in a prior criminal trial. *Eide*, 272 Mont. at 183, 900 P.2d at 295 (citing *Aetna Life and Cas. Ins. Co. v. Johnson*, 207 Mont. 409, 414, 673 P.2d 1277, 1280 (1984)).

¶11 We apply a four-part test to determine if collateral estoppel bars the litigation at issue and consider whether: (1) the identical issue raised was previously decided in a prior adjudication; (2) a final judgment on the merits was issued in the prior adjudication; (3) the party against whom collateral estoppel is now asserted was a party or in privity with a party to the prior adjudication; and (4) the party against whom preclusion is asserted must have been afforded a full and fair opportunity to litigate any issues which may be barred. *Baltrusch v. Baltrusch*, 2006 MT 51, ¶ 18, 331 Mont. 281, 130 P.3d 1267 (citations omitted).

4

¶12 The District Court determined all four factors were met in Pierce's case. Specifically, the District Court concluded: the first factor was met because all of the matters supporting Pierce's claims were either resolved in the criminal matter or were so closely related they should have been raised in the criminal matter; the second factor was met because Pierce was convicted after a jury trial and this Court upheld that conviction; the third factor was met because Pierce was a party to the prior adjudication; and the fourth factor was met because Pierce had the opportunity in the criminal matter to litigate all of the issues he now raises. We agree.

¶13 On appeal, Pierce argues this Court should not apply collateral estoppel because some of the issues he raises here were not specifically ruled upon during his criminal trial. He maintains his criminal trial was unjust because of "undi[s]closed witness tampering and undisclosed conspiracy" for which he seeks redress.

¶14 Barkell, Sather, and Barclay respond that Pierce has failed to challenge the District Court's reasoning, but merely continues his efforts to collaterally attack his criminal conviction. ADLC asserts Pierce has not established any issues which were not decided previously. Raasakka and M.R. maintain the District Court properly recognized Pierce's claims all "arise from whether M.R. was a credible witness and whether the criminal investigation by the county officers was flawed," and thus the issues Pierce alleges were not raised in his criminal trial were in fact fully litigated.

¶15 Pierce has not demonstrated his case should not be barred by collateral estoppel. As the District Court explained, Pierce seeks to relitigate his criminal conviction by attacking

the credibility of the victim, the police investigation, and other matters which were raised or should have been raised at trial. Because Pierce's civil suit is an impermissible collateral attack on the validity of the criminal conviction, the District Court correctly granted summary judgment in Appellees' favor.

¶16 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. The District Court's interpretation of the law was correct. This appeal presents no constitutional issues, no issues of first impression, and does not establish new precedent or modify existing precedent.

¶17 Affirmed.

/S/ INGRID GUSTAFSON

We concur:

/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ LAURIE McKINNON
/S/ JIM RICE