FILED

04/03/2018

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 17-0630

DA 17-0630

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2018 MT 78N

JOHN EDWARD SPAULDING,

      Plaintiff and Appellant,

  v.

YELLOWSTONE COUNTY SHERIFF, MIKE LINDER,

      Defendant and Appellee.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DV 16-0030
Honorable Rod Souza, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

        John Edward Spaulding, self-represented, Deer Lodge, Montana

      For Appellee:

        Scott D. Twito, Yellowstone County Attorney, Kevin Gillen, Deputy
Yellowstone County Attorney, Billings, Montana

Submitted on Briefs:  March 14, 2018

Decided:  April 3, 2018

Filed:

                      _____
                               Clerk

Justice Ingrid Gustafson delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      John Edward Spaulding (Spaulding) appeals the Judgment entered in favor of Yellowstone County Sheriff Mike Linder (Linder) by the Thirteenth Judicial District Court pursuant to the court's grant of summary judgment in Linder's favor. We affirm.

¶3      On April 16, 2015, the Justice Court of Record, Yellowstone County, issued a Probation or Parole Detention order which provided:

> IT IS HEREBY ORDERED:
>
> a. That the defendant is committed to the YELLOWSTONE COUNTY DETENTION CENTER for such time as will enable the YELLOWSTONE COUNTY SHERIFF to transport the defendant to the custody of the CASCADE COUNTY SHERIFF.
>
> b. That the defendant be admitted to bail while awaiting transportation in the sum of $20,000[] CASH or SURETY. Upon posting bail the YELLOWSTONE COUNTY SHERIFF shall release the defendant and forward the bond and a copy of this order to the Clerk of Court, 8TH Judicial District, CASCADE COUNTY, MONTANA . . . and JUDGE GREG PINSKI, A DISTRICT COURT JUDGE.
>
> c. That the defendant shall appear before JUDGE GREG PINSKI . . . on or before APRIL 27, 2015, or within 10 days of release, in the courtroom of said judge . . . .

2

¶4 On January 11, 2016, Spaulding, appearing pro se, filed a civil suit against Linder, alleging Linder violated this order by failing to either release Spaulding from custody within 10 days of April 16, 2015, or transfer him to appear before the Cascade County District Court for the April 27, 2015 appearance.

¶5 Linder filed a motion to dismiss for failure to state a claim upon which relief can be granted, pursuant to M. R. Civ. P. 12(b)(6), in which he alleged Spaulding misread the Justice Court order. Linder suggested the District Court might convert his motion to a motion for summary judgment to consider the substance of the Justice Court order in determining whether Spaulding had set forth a viable claim. *See Meagher v. Butte-Silver Bow City-Cty.*, 2007 MT 129, ¶ 16, 337 Mont. 339, 160 P.3d 552 ("Rule 12(b) allows the court to convert a motion to dismiss into a motion for summary judgment when matters outside the pleadings are presented to the court.").

¶6 The District Court converted Linder's motion to dismiss to a motion for summary judgment.[1] The District Court reasoned it was appropriate to convert the motion because Spaulding did not object to Linder's attachment of the Justice Court order to his brief, and Spaulding also attached documents outside the pleadings to his response brief. The District Court reviewed the Justice Court order, determined Spaulding had misinterpreted it, and granted summary judgment in Linder's favor. This appeal followed.

¶7 We review a district court's grant of summary judgment de novo, using the same standards applied by the district court under M. R. Civ. P. 56. *Capital One, NA v. Guthrie*,

---

[1] In the same order, the District Court also set aside as void Spaulding's motion for disqualification of the Judge in this matter. Spaulding does not appeal this ruling.

2017 MT 75, ¶ 11, 387 Mont. 147, 392 P.3d 158 (citation omitted). Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *Capital One*, ¶ 11 (citing M. R. Civ. P. 56(c)(3)). Review of a district court's interpretation of a judgment presents an issue of law, and this Court reviews the district court's interpretation to determine whether it is correct. *Levens v. Ballard*, 2011 MT 153, ¶ 10, 361 Mont. 108, 255 P.3d 195 (citation omitted).

¶8 On appeal, Spaulding argues the District Court erred in interpreting the Justice Court order, because it required Linder to either release him within 10 days of April 16, 2015, or transport him to appear in Cascade County District Court on April 27, 2015. Spaulding maintains Linder violated his civil rights when he failed to act in accordance with the Justice Court order.

¶9 Linder responds that Spaulding misinterprets the Justice Court order. Linder maintains that pursuant to that order, he was not required to transport Spaulding to Cascade County by April 27, 2015; rather, the Justice Court order required Spaulding, if he posted bail, to appear before the Cascade County District Court by April 27, 2015, or within 10 days of release on bail. Linder maintains he did not violate the Justice Court order and thus did not harm Spaulding.

¶10 We have reviewed the Justice Court order de novo, and conclude the District Court correctly interpreted it. In paragraph (a), the Justice Court ordered Spaulding committed

to the Yellowstone County Detention Center until Linder could transport him to the custody of the Cascade County Sheriff; the Justice Court did not impose a 10-day time limit on the Yellowstone County Sheriff in which to accomplish the transport. In paragraph (b), the Justice Court ordered Spaulding could choose to post bail while awaiting transport. In paragraph (c), the Justice Court ordered Spaulding to appear in the Cascade County District Court either by April 27, 2015, *or* within 10 days of release. Since Spaulding did not post bail, he was not released, and paragraph (c) never became applicable. Rather, Spaulding continued to be held in the Yellowstone County Detention Center, awaiting transport as per paragraph (a).

¶11    Therefore, we conclude the District Court correctly granted summary judgment in Linder's favor. Accordingly, we dismiss this appeal.

¶12    We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶13    Affirmed.

/S/ INGRID GUSTAFSON

We concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER