No. 84-440

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

---

POWERS MANUFACTURING COMPANY,
an Iowa corp.,

        Plaintiff and Respondent,

-vs-

LEON JACOBS ENTERPRISES,
a Montana corp.,

        Defendant and Appellant.

---

APPEAL FROM:  District Court of the Tenth Judicial District,
In and for the County of Fergus,
The Honorable R. D. McPhillips, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Timothy J. O'Hare, Lewistown, Montana

    For Respondent:

        Law Office of John R. Christensen; Mark Stermitz,
        Stanford, Montana

---

Submitted on Briefs:  April 4, 1985

Decided:  June 25, 1985

Filed:  JUN 25 1985

*Ethel M. Harrison*

---
Clerk

Mr. Chief Justice J. A. Turnage delivered the Opinion of the Court.

A jury returned a verdict holding the appellant, Leon Jacobs Enterprises, liable for a debt owed by Snick Sports to the respondent, Powers Manufacturing Company. The appellant appeals from that verdict. The respondent appeals from the District Court's denial of certain expenditures as costs.

We affirm.

The appellant operates a trophy sales business in Lewistown, Montana. Its principal shareholder is Leon Jacobs, who has been in the sporting goods business since 1947. The respondent is an Iowa business engaged in manufacturing custom athletic uniforms. It began doing business with Leon Jacobs in 1966.

Prior to 1973 Leon Jacobs operated with several others as E-Jay-S. In 1973 Leon Jacobs began operating as Leon Jacobs Enterprises and the uniform sales portion of the prior business was sold. The buyers operated as K & M Sports. They sold to another who defaulted in late 1977. Leon Jacobs Enterprises as secured party repossessed the inventory and sold it for cash in late 1978 to buyers who began to operate as Snick Sports.

Harriet Dirkson began working for K & M Sports in 1974 as a bookkeeper. She also did some purchasing. There is disagreement as to whether she worked for Leon Jacobs Enterprises during the time it was liquidating the repossessed inventory. However, she worked for Snick Sports after it purchased the inventory.

The respondent, Powers Manufacturing, would not sell to Snick Sports on credit. The record shows that Harriet Dirkson notified the respondent that the appellant, Leon

1

Jacobs Enterprises, would guarantee payment. There is disagreement as to whether the appellant and respondent ever discussed this arrangement directly. The first written evidence of any such communication is early in 1981 when Leon Jacobs denied any "guaranty."

For several years after Harriet Dirkson notified Powers Manufacturing Company of the "guaranty," the respondent billed to the appellant's name, and Snick Sports paid the bills. Leon Jacobs Enterprises received the statements, invoices and shipments and forwarded them to Snick Sports. Eventually, in 1981, several bills had not been paid and the respondent sought payment from the appellant. The appellant refused to pay. This trial resulted.

A jury returned a general verdict favorable to Powers Manufacturing Company and awarded $6,590.49 plus interest as damages. This was the exact amount prayed for in the complaint. The respondent submitted a memorandum of costs that included witness air fares. The District Court disallowed these air fares as costs. Both parties appeal.

The issues on appeal are:

1. Whether the evidence supports the existence of an agency relationship between Leon Jacobs Enterprises and Harriet Dirkson and, if so, whether she exceeded her authority so as to relieve it from liability.

2. Whether the evidence supports the existence of a valid guaranty between Leon Jacobs Enterprises and Powers Manufacturing Company.

3. Whether the District Court's order denying air fares for witnesses is a nullity, or, in the alternative, whether air fares for witnesses should have been allowed as costs.

2

As to the issues relative to the jury verdict, this Court is governed by the substantial evidence standard of review. If substantial evidence supports the case of the prevailing party, the verdict will stand. The evidence will be viewed in a light most favorable to the prevailing party and, if the evidence conflicts, the credibility and weight given to the evidence is the province of the jury and not this Court. Mountain West Farm Bureau Mutual Insurance Company v. Girton (Mont. 1985), 697 P.2d 1352, 1363, 42 St.Rep. 500, 501.

The first issue is whether there was an agency relationship and whether the purported agent acted within her authority. Substantial evidence supports the jury verdict.

Both the agency and the agent's authority may be ostensible. Sections 28-10-103 and 28-10-401, MCA. An ostensible agency exists when the principal intentionally or by want of ordinary care causes a third person to believe another to be his agent who is not really employed by him. Section 28-10-103, MCA. Ostensible authority is such as a principal, intentionally or by want of ordinary care, causes or allows a third person to believe the agent to possess. Section 28-10-403, MCA.

Here, the respondent, for a period of two years, mailed statements, invoices, and merchandise to the appellant's name and address. The appellant transferred or forwarded these to Snick Sports. This activity in and of itself is sufficient to put a reasonable person on notice that something was amiss. Leon Jacobs should have investigated the matter and taken appropriate action to inform the respondent to correct the billing arrangement. This activity demonstrates a want of ordinary care that caused or allowed a third person to

3

believe that an agency and authority existed. We hold that substantial evidence supports an ostensible agency and ostensible authority in this case.

The second issue is whether the evidence supports the existence of a guaranty between the appellant and respondent. Substantial evidence supports the jury verdict.

A guaranty is a promise to answer for the debt of another. Section 28-11-101, MCA. With a few statutory exceptions, none applicable here, a guaranty must be in writing. Section 28-11-104, MCA. Here, the record contains several writings that satisfy this requirement. However, these writings are signed by Harriet Dirkson as an agent. An authority to enter into a contract required by law to be in writing can only be given by an instrument in writing. Section 28-10-203, MCA.

However, the appellant, for the same reasons supporting our determination that an ostensible authorized agent existed, is estopped from denying valid authority on statute of frauds grounds. An estoppel arises when one, by acts or acquiescence, causes another in good faith to change his position for the worse. Bagnell v. Lemery (Mont. 1983), 657 P.2d 608, 611, 40 St.Rep. 58, 61-62. We hold that the appellant is estopped from defending on statute of frauds grounds and a valid guaranty exists in this case because, for several years, it allowed or caused the respondent to believe the authority existed.

The final issue, the sole issue on cross-appeal, is whether the District Court's order denying air fares for witnesses is a nullity, or, in the alternative, whether air fares for witnesses should have been allowed as costs. The

4

order is not a nullity, and the District Court did not err in disallowing air fares as costs.

Powers Manufacturing sent three persons from Iowa to the trial in Montana. All testified. Powers Manufacturing claimed air fares for these witnesses in its bill of costs. Leon Jacobs Enterprises objected, a hearing was held, but no ruling was immediately issued. About one month later the appellant filed a notice of appeal. Then, about one month after the notice of appeal was filed, the District Court ruled on the bill of costs and denied the air fares. The respondent then also filed a notice of appeal.

The respondent first argues that the District Court lost jurisdiction when the notice of appeal was filed and, therefore, the order denying air fares was a nullity. We disagree. When a notice of appeal has been filed, jurisdiction passes from the District Court and vests in the Supreme Court. Julian v. Buckley (Mont. 1981), 625 P.2d 526, 528, 38 St.Rep. 128, 131. However, the District Court retains jurisdiction to correct clerical errors, Northern Plains Resource Council v. Board of Health and Environmental Sciences (1979), 184 Mont. 466, 472, 603 P.2d 684, 688; the District Court retains jurisdiction over ancillary matters, Churchhill v. Holly Sugar Corp. (Mont. 1981), 629 P.2d 758, 760, 38 St.Rep. 860, 862; and the District Court retains some jurisdiction over some matters involving appeal such as undertaking of costs, Rule 6, M.R.App.Civ.P.; stay of judgment and order Rule 7, M.R.App.Civ.P.; and matters involving the transcript on appeal, Rule 9, M.R.App.Civ.P.

Costs may be taxed after the entry of judgment. Rule 58, M.R.Civ.P. Entry of judgment begins the time period in which appeal may be made. No provision in law mandates that

5

costs must be finally taxed before appeal may be had. Because of this and because costs are not substantially linked to the merits of and procedure leading to judgment, there is no meaningful reason why the filing of notice of appeal should strip the jurisdiction of the District Court to issue an order on a pending bill of costs. We hold that the order denying air fares was not a nullity.

The respondent next argues that air fares for witnesses should have been allowed as costs. We disagree. Air fares are not contained in § 25-10-201, MCA, the allowable costs provisions. We hold that air fares are not properly allowable as costs.

The jury verdict shall stand. The District Court's order on the bill of costs shall stand.

Affirmed.

Chief Justice

We concur:

Justices

6