No. 85-503

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

_____

IN THE MATTER OF
MARTHA R. SORINI,
Licensed Real Estate Broker.

_____

APPEAL FROM:   District Court of the Second Judicial District,
               In and for the County of Silver Bow,
               The Honorable Mark Sullivan, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

            Robert P. McGee, Butte, Montana

        For Respondent:

            F. Lon Mitchell, Helena, Montana

_____

                        Submitted on Briefs: Dec. 19, 1985

                            Decided: April 1, 1986

Filed: APR 1 - 1986

_____
                    Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

Ms. Sorini appeals the decision of the Butte/Silver Bow County District Court which upheld a Board of Realty Regulation decision revoking her real estate broker's license. We affirm.

The issues are:

1. Was Ms. Sorini denied her rights at her administrative hearing because the hearing examiner and the attorney for the Board of Realty Regulation were both deputy attorneys of the State of Montana?

2. Did the matter of Ms. Sorini's competence or trustworthiness become moot because the Board of Realty Regulation was required to take those characteristics into consideration before issuing her a real estate broker's license?

3. Is the Board of Realty Regulation required to rule with particularity upon the objections and exceptions filed with it, and is their failure to issue such a ruling a deprivation of Ms. Sorini's rights?

4. Was the penalty imposed by the hearing examiner based upon a finding of fact which was not an issue, and should the decision be therefore reversed for unusual and unwarranted punishment?

In December 1983, a complaint was filed with the Board of Realty Regulation ("Board") against Martha Sorini, a licensed real estate salesperson. In spring 1984, Ms. Sorini passed the real estate broker's examination and was issued a broker's license. The complaint against her was amended to reflect her change in status, and the matter was heard before a hearing examiner in June 1984. Ms. Sorini was represented by counsel and testified at the hearing. The hearing examiner's proposed findings, conclusions and order recommended that Ms. Sorini's broker's license be revoked for violations

of § 37-51-321, MCA, including failure to account for or remit money belonging to others, failure by a real estate salesperson to deposit money of others in a broker's trust account, and demonstrated unworthiness or incompetence. Ms. Sorini filed exceptions to these recommendations, and oral argument was held before the full Board. Later, the Board issued an order adopting the findings of fact, conclusions of law and order of the hearing examiner. Ms. Sorini then filed a petition for judicial review in District Court and obtained a temporary restraining order suspending the revocation of her broker's license. A hearing on that petition was conducted and the court affirmed the Board's order revoking her broker's license. Revocation of the license has again been stayed during this appeal.

I

Was Ms. Sorini denied her rights at her administrative hearing because the hearing examiner and the attorney for the Board of Realty Regulation were both deputy attorneys of the State of Montana?

Ms. Sorini argues that the independence of the hearing examiner was impaired because he was a deputy attorney general as was the attorney representing the Board. Next, she argues that the Board gave extra consideration to the hearing examiner's recommendations because he was from the attorney general's office. Ms. Sorini failed to submit any proof to support these allegations. There is nothing in the record to suggest a factual basis for her position.

Section 2-4-611, MCA, establishes the manner in which a party may file an affidavit of personal bias, lack of independence, disqualification by law, or other disqualification of a hearing examiner. In the absence of a request for disqualification, it is not proper to raise the question on

3

appeal. As we pointed out in Western Bank of Billings v. Mont. St. Banking (1977), 174 Mont. 331, 570 P.2d 1115, a party may not raise on appeal a question which was not presented before the administrative agency except the validity of the statute under which the agency is proceeding, unless it is shown that there was good cause for failure to raise the question before the agency. Such good cause has not been shown here.

While we tend to agree with the District Court's observation that having a greater separation of prosecutorial and decision-making functions would eliminate an appearance of impropriety, we find nothing to warrant a reversal of the District Court. We therefore affirm the conclusion of the District Court that there was no reversible error on this issue.

II

Did the matter of Ms. Sorini's competence or trustworthiness become moot because the Board of Realty Regulation was required to take those characteristics into consideration before issuing her a real estate broker's license?

After the charges had been filed against Ms. Sorini, she was allowed to sit for the real estate broker's examination and was subsequently issued a real estate broker's license. She argues that her honesty, trustworthiness and competency were considered in the licensing process, under the provisions of § 37-51-302(3), MCA. She therefore maintains that the issues of her competence and trustworthiness have been determined so far as this case is concerned.

Clearly, the issues are not the same. The Board is required by statute to determine that an applicant for a broker's license meets certain standards of conduct. In the absence of evidence that the Board considered the pending

4

charges against her, the determination that Ms. Sorini met those standards of conduct is not dispositive of the pending charges against her. There is no such evidence in the record--in fact, there are indications that the Board did not consider the charges because they had not been proven.

We conclude that the issue of the competence and trust-worthiness of Ms. Sorini as raised by these charges was not determined by the issuance of her real estate broker's license.

### III

Is the Board of Realty Regulation required to rule with particularity upon the objections and exceptions filed with it, and is their failure to issue such a ruling a deprivation of Ms. Sorini's rights?

The proposed findings of fact, conclusions of law and order as prepared by the hearing examiner detail the factual basis for his conclusions that the Board had power to either suspend or revoke Ms. Sorini's license. The hearing examiner found that there had been a failure by Ms. Sorini to deposit money of others in a trust account, that there had been a failure to account for money belonging to others, and that she had demonstrated unworthiness and incompetence. The hearing examiner therefore recommended that her license as a real estate broker be revoked.

Prior to her appearance before the full Board, Ms. Sorini submitted her contentions of claimed error in these findings and conclusions. The Board considered these contentions and voted unanimously to adopt the findings of fact, conclusions of law and recommended order of the hearing examiner. Ms. Sorini was entitled to nothing further. The Board was not required to specifically state in writing that her exceptions to the proposed findings were insufficient.

5

We affirm the conclusion of the District Court that the Board was not required to rule with particularity upon Ms. Sorini's exceptions to the proposed findings.

IV

Was the penalty imposed by the hearing examiner based upon a finding of fact which was not an issue, and should the decision be therefore reversed for unusual and unwarranted punishment?

Ms. Sorini argues that the penalty imposed upon her is based on the finding of the hearing examiner that the mortgage on her clients' home was foreclosed and the clients lost their home because of her actions. The violations with which Ms. Sorini was charged do not include causing the foreclosure, and she does not feel it was proven that her actions caused the foreclosure. She maintains that she was punished to an unusual and unwarranted degree for the violations with which she was charged.

The Board found that Ms. Sorini had violated three statutory prohibitions under § 37-51-321, MCA. The penalty for violation of any of the standards set out in that section is revocation or suspension of the broker's or salesperson's license. Revocation of Ms. Sorini's license was within the discretion of the Board, as a penalty for her violations of the statute. There were enough facts before the Board to allow it to revoke Ms. Sorini's license without considering whether she caused the foreclosure. We conclude that the penalty was not unusual or unwarranted punishment. We affirm the District Court's conclusion that the Board's revocation of Ms. Sorini's broker's license was based upon her violations of the three standards set out in the complaint against her.

Affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____
Justices

7

Mr. Justice John C. Sheehy, dissenting:

I dissent on the first issue.

I should have thought that the mere appearance of impropriety would be sufficient for this Court, which so lately approved the Rules of Professional Conduct (June 6, 1985) to rise and strike so anomalous a case as we have here: a deputy attorney general acting as hearing examiner in a case where the state agency is represented by another deputy attorney general.

For my part, I heartily discountenance such a cozy arrangement.

For the convenience of this Court and counsel, I point out that Rule 1.12(a) of the Rules of Professional Conduct debar a lawyer from representing a party in a matter where the lawyer participated personally and substantially as an adjudicative officer. Rule 1.12(c) debars any lawyer in a firm with which the first lawyer is associated from knowingly undertaking or continuing representation in the matter, unless certain conditions are met, which are not met here.

The most elemental notions of due process ought to tell us that objectivity is impossible when one party owns both the prosecutor and the judge.

There is indeed evidence that the Board bowed to the supposed superiority of a hearing examiner from the attorney general's office. The minutes of the Board for August 15, 1984 reveal that John Dudis, a member of the Board and himself an attorney stated that if the hearing examiner "from the attorney general's office has made his findings after going through this from top to bottom, and you [appellant's counsel] should have had opportunities to put on witnesses

8

and cross-examine, I am going along with the hearing examiner."

We should send this case back to the Board of Realty Regulation for a new beginning.

_John Leo Sheehy_
Justice