JUSTICE TRIEWEILER
dissenting.
I dissent from the majority opinion.
The majority states the rule of law correctly as far as it goes. A sentencing court has no jurisdiction to vacate or modify a sentence, except as provided by statute. What the majority fails to point out is that under the circumstances presented in this case there was specific statutory authority for the District Court’s modification of the defendant’s sentence.
Section 46-18-203, MCA (1989) (the form of that statute that was in effect at the time that this sentence was modified), provided in relevant part as follows:
(1) Ajudge ... who has suspended the execution of a sentence ... of imprisonment under 46-18-201 ... may also, in his discretion, order the prisoner placed under the jurisdiction of the department of institutions as provided by law or retain such jurisdiction with his court.
In this case, the District Court suspended part of the sentence which was imposed by written judgment on May 31,1991. Therefore, pursuant to § 46-18-203, MCA, the District Judge retained jurisdiction to, in his discretion, place the defendant under the jurisdiction of the Department of Institutions. That is exactly what he did.
The defendant did not initiate his enrollment in the intensive supervision program. He was contacted by representatives from the Corrections Division of the Montana Department of Institutions who suggested the intensive supervision program as an alternative to incarceration at the State Prison. That program, which is intended to eliminate overcrowding at the prison while still punishing and supervising those who are convicted of crimes, provides for an eight or nine month incarceration in the defendant’s home with intensive supervision by probation and parole officers. The supervision includes electronic monitoring, unscheduled visits and searches, *528 urinalysis, participation in employment counseling, and community service. At the end of the eight months of house incarceration, the defendant is placed on regular probation during the duration of his sentence.
The defendant agreed to be considered for the program and the screening committee unanimously agreed to recommend him for placement in the program. A member of the committee advised the District Judge of this option. The prosecuting attorney was advised of the District Court’s inclination to agree with this option. The prosecuting attorney objected and a hearing was held before the sentence was modified.
After the sentence was modified, defendant complied with the terms of the intensive supervision program. At all times during his compliance he was under the supervision, and therefore, jurisdiction of the Department of Institutions, as provided for in § 46-18-203, MCA (1989).
Now that he has fully complied with the terms of the sentence that was requested by one state agency (Department of Institutions), he is being required to serve a second sentence because of the objection of a second state agency (County Attorney’s Office). Because of the alternative sentence which was requested by the Department of Institutions for the State of Montana, the defendant served eight months of house arrest and was denied the opportunity to have his prison sentence behind him by now.
Even if I did not conclude that the District Court had jurisdiction to modify the defendant’s sentence pursuant to the aforementioned statute, I would conclude that one agency of the state is estopped from imposing a second sentence on the defendant after a different agency of the state had induced him to serve his sentence in a different manner. Estoppel arises when a party by his or its acts causes another in good faith to change his position to his detriment. Powers Mfg. Co. v. Leon Jacobs Enterprises (1985), 216 Mont. 407, 701 P.2d 1377. That is certainly what happened to the defendant in this case.
Through no fault of his own, and based upon the majority’s willingness to overlook the statutory basis for the District Court’s continuing jurisdiction to do what it did in this case, incredibly, this defendant is being required to serve two sentences for the same crime.
The majority opinion is, to say the least, a strange and unfair result.
For these reasons, I dissent.