*325 OPINION AND ORDER
¶1 Petitioner Jon E. Cushman asks this Court to exercise supervisory control over the Twentieth Judicial District Court in Lake County Cause No. DV 14-205. Specifically, Cushman asks us to direct District Judges Deborah Kim Christopher and James A. Manley to vacate their August 28, 2015 Order Returning Jurisdiction of the case to Judge Manley. Cushman also asks Chief Justice Mike McGrath to rule upon and deny the motion to substitute judge filed by the plaintiff in that case, Terry Trieweiler, d/b/a Trieweiler Law Firm. Trieweiler and Judge Christopher have filed responses to the petition for a writ of supervisory control. With leave of the Court, Cushman has filed a reply.
¶2 Lake County Cause No. DV 14-205 originally was assigned to Judge Manley. In October of 2014, Judge Christopher assumed jurisdiction after defendant Abbey/Land, LLC, moved for substitution under § 3-1-804, MCA. Then, at the request of Judge Christopher, Chief Justice McGrath called in retired District Judge Douglas G. Harkin to preside over the case. Trieweiler then requested substitution under § 3-1-804, MCA. In response, Judges Christopher and Manley entered the order at issue here, returning jurisdiction to Judge Manley “or to Chief Justice McGrath.”
¶3 Supervisory control is an extraordinary remedy that is sometimes justified when urgency or emergency factors make the normal appeal process inadequate, the case involves purely legal questions, and the other court is proceeding under a mistake of law causing a gross injustice or constitutional issues of state-wide importance are involved. M. R. App. P. 14. Here, the substantive question relates to the applicability of § 3-1-804, MCA, in situations in which the chief justice has called a retired judge into service pursuant to § 19-5-103, MCA. Although codified in the Montana Code Annotated, § 3-1-804, MCA, is a Court-adopted rule. We will entertain Cushman’s petition because it presents an issue of law regarding the threshold matter of whether a judge has authority to proceed with a case and, because it requires the construction of a rule of this Court, the legal issue should be resolved in the first instance by this Court.
¶4 The substitution rule provides:
SUBSTITUTION OF DISTRICT JUDGES
This section applies to judges presiding in district courts. It does not apply to any judge sitting as a water court judge, to a workers’ compensation court judge, or to a judge supervising the distribution of water under 85-2-406, including supervising water commissioners under Title 85, chapter 5, part 1.
*326 (1) Each adverse party is entitled to one substitution of a district judge.
(а) In a civil action other than those noted in subsection (l)(c), a motion for substitution by the party filing the action must be filed within 30 calendar days after the first summons is served or an adverse party has appeared. A motion for substitution by the party served must be filed within 30 calendar days after service has been completed in compliance with M. R. Civ. P. 4.
(5) After a timely motion has been filed, the substituted district judge does not have the power to act on the merits of the case or to decide legal issues in the case, except as provided in subsection (10).
(б) The first district judge who has been substituted or disqualified for cause has the duty of calling in all subsequent district judges. In a multijudge district, all other district judges in that district must be called before a district judge from another district is called.
(8) If the presiding judge in any action recuses himself or herself or if a new district judge assumes jurisdiction in any action, the right to move for substitution of a district judge is reinstated, except as to parties who have previously obtained a substitution. The time periods run anew from the date of service of notice or other document identifying the new district judge.
(10) A district judge who has previously been substituted from the case may agree to set the calendar, draw a jury, and conduct all routine matters including arraignments, preliminary pretrial conferences in civil cases, and other matters that do not address the merits of the case, if authorized by the presiding district judge.
¶5 Cushman argues that a retired judge called to active service is not a “district judge,” and § 3-1-804, MCA, does not apply. He asks Chief Justice McGrath to rule on and deny Trieweiler’s motion to substitute. On the other hand, Trieweiler takes the position that, as a “judgeQ presiding in district courtG,” Judge Harkin properly may be substituted under § 3-1-804, MCA, and the case properly was referred back to Judge Manley, the original presiding judge, to call in a subsequent district judge. Judge Christopher states that she defers to this Court on the question of who should address the motion to substitute.
¶6 Cushman cites State ex rel. Wilcox v. Dist. Ct., 208 Mont. 351, 678 *327 P.2d 209, (1984), as authority that a retired judge is an “other judge” and not a “district judge.” In Wilcox, the Court examined the interaction of Article VII, Section 6(3) of the Montana Constitution, which empowers the chief justice to “assign district judges and other judges for temporary service,” and § 19-5-103, MCA, which authorizes the chief justice to call retired judges for duty “to aid and assist any district court... under directions that the chief justice may give.” The Court construed the term “other judges” in Article VII, Section 6(3) to include retired judges, so as to empower the chief justice to assign retired judges to temporary service to any judicial district or county in Montana. The Court further stated that the constitutional provision and the statutory provision allowing the chief justice to call a retired judge into service “address two different situations [and] are mutually exclusive.” Wilcox, 208 Mont. at 360-61, 678 P.2d at 214-15. The Court observed that the statutory grant of power was limited to the performance of “any and all duties preliminary to the final disposition of cases.” Wilcox, 208 Mont. at 361, 678 P.2d at 215.
¶7 We observe that the 2015 Montana Legislature struck the above limiting provision of § 19-5-103, MCA, as of February 17,2015. And, in his July 2015 order, Chief Justice McGrath called Judge Harkin into service in Lake County Cause No. DV 14-205 “to proceed with any and all necessary hearings, opinions, and orders, including final resolution.”
¶8 We conclude that when retired district judges are called in to “exerciseG the powers of a district judge on a temporary basis” (Wilcox, 208 Mont. at 358, 678 P.2d at 213), they are “judges presiding in district courts” as contemplated by the introductory clause of § 3-1-804, MCA. The rule provides no exception forjudges assigned to a case by the Chief Justice. Wilcox does not compel a contrary conclusion, particularly in light of the statutory amendment harmonizing the statute with the Constitution. We hold that specific assignments of retired judges under § 19-5-103, MCA, are within the intended scope of the right to substitution under § 3-1-804, MCA, and that the right of substitution applies.
¶9 IT IS ORDERED that the petition for writ of supervisory control is GRANTED.
¶10 IT IS FURTHER ORDERED that the August 28, 2015 Order Returning Jurisdiction shall remain in effect, and Judge Manley shall assign a new judge to preside in Lake County Cause No. DV 14-205. Should Judge Manley deem it necessary, he may ask the Chief Justice to call in a retired judge to preside in the case pursuant to § 19-5-103, MCA.
*328 ¶11 IT IS FURTHER ORDERED that the exhibits to the petition for writ of supervisory control be UNSEALED. Nothing in those exhibits includes any constitutionally-protected information. Without a specific constitutional or statutory exception or express direction from this Court, cases before this Court are matters of public record.
Dated this 29th day of October, 2015.
JUSTICES WHEAT, SHEA, COTTER and RICE concur.