FILED

11/21/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 17-0058

DA 17-0058

IN THE SUPREME COURT OF THE STATE OF MONTANA

2017 MT 286

HOLLY LABAIR and ROBERT LABAIR,
Individually and on behalf of DAWSON R.
LABAIR, deceased minor child,

      Plaintiffs and Appellants,

   v.

STEVE CAREY, Esq. and CAREY
LAW FIRM, and JANE DOES 1-4,

      Defendants and Appellees.

APPEAL FROM:    District Court of the Fourth Judicial District,
                  In and For the County of Missoula, Cause No. DV 10-0254
                  Honorable Edward P. McLean, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

                Tina L. Morin, Morin Law Firm, PLLC, Butte, Montana

        For Appellees:

                Mikel L. Moore, Katherine A. Matic, Moore, Cockrell, Goicoechea &
                Johnson, P.C., Kalispell, Montana

                              Submitted on Briefs:  September 20, 2017

                                   Decided:  November 21, 2017

Filed:

                                           Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1 Holly and Robert Labair sued Steve Carey and the Carey Law Firm (collectively Carey) for legal malpractice. Following this Court's reversal and remand of a summary judgment order, Judge Edward P. McLean assumed jurisdiction in the case. Judge McLean retired after the trial, and Chief Justice Mike McGrath issued an order calling him to active service to preside over the case. Following Judge McLean's entry of final judgment, the Labairs appealed. This Court reversed and remanded for a new trial. Approximately two months after remittitur issued, the Labairs moved to substitute Judge McLean. Judge McLean denied the Labairs' motion as untimely. The Labairs appeal. We affirm. We consider the Labairs' arguments that:

1. The time never started running on their deadline for substitution because the Clerk of District Court did not give statutorily-required notice of Judge McLean's assumption of jurisdiction; and

2. Judge McLean lost jurisdiction after appeal from the final judgment, and the case reverted to his replacement once the appeal was decided.

## PROCEDURAL AND FACTUAL BACKGROUND

¶2 The case is before this Court for the third time on appeal. We detailed the factual background in the previous two appeals, *Labair v. Carey*, 2012 MT 312, 367 Mont. 453, 291 P.3d 1160 (*Labair I*), and *Labair v. Carey*, 2016 MT 272, 385 Mont. 233, 383 P.3d 226 (*Labair II*). We restate here only the procedural facts relevant to this appeal.

¶3 The Labairs hired Carey to pursue a potential medical malpractice claim against their obstetrician, Dr. Thomas Baumgartner, after the death of their newborn son. Carey

2

failed to file the medical malpractice claim before the statute of limitations expired. The Labairs then filed a legal malpractice claim against Carey.

¶4 The District Court, Judge John Larson presiding, granted summary judgment to Carey in November 2011. The Labairs appealed. We reversed in *Labair I* and remanded for trial. *Labair I*, ¶ 40.

¶5 After remittitur issued in *Labair I*, the Labairs timely filed a motion for substitution of district court judge under § 3-1-804(12), MCA. Judge Larson called in Judge McLean, who accepted jurisdiction. Judge McLean presided over a jury trial in March 2015. The jury entered a special verdict in favor of Carey. Judge McLean retired effective April 30, 2015, and Judge Leslie Halligan assumed jurisdiction over the case.

¶6 On June 1, 2015, Chief Justice McGrath entered an Order calling Judge McLean back into active service to assume judicial authority of this case and several others. The Order authorized Judge McLean "to proceed with any and all necessary hearings, opinions and orders, including final resolution of said matters." It stated further: "A copy of this Order shall be filed with the District Court Clerk of Missoula County with a request that copies be sent to counsel of record." The District Court Clerk filed the Order as directed but apparently failed to send a copy to counsel for either party.

¶7 The District Court held a telephonic status conference with the parties the same day that Chief Justice McGrath entered his Order. A minute entry from that status conference states that "the Court advised counsel that Chief Justice McGrath has asked Judge McLean to hear argument on the costs issue as the Court conducted trial in the above cause." The District Court sent a copy of the minute entry to counsel for both

parties. The Labairs claim on appeal that "[t]his was the only notice counsel received regarding Judge McLean's assumption of jurisdiction."

¶8 On September 22, 2015, Judge McLean held a hearing on Carey's motion for sanctions and on the reasonableness of costs, at which counsel for both parties appeared and presented argument. Judge McLean also entered a final judgment that same day in accordance with the jury's special verdict.

¶9 The Labairs appealed Judge McLean's final judgment. We reversed in *Labair II*, reasoning that the Labairs were entitled to judgment as a matter of law on the issue of their entitlement to damages. *Labair II*, ¶ 27. We remanded for a new trial to determine the amount of the Labairs' damages. *Labair II*, ¶ 27. We decided *Labair II* on October 25, 2016, and remittitur was filed with the District Court on November 21, 2016.

¶10 Fifty-seven days later, on January 17, 2017, the Labairs filed a motion for substitution of Judge McLean. They stated in their motion: "Plaintiffs have received no notice from the Court who has been assigned but were verbally informed by clerks within the Clerk's Office that they thought Judge McLean was assigned to the case. Plaintiffs have received no notice of this assignment." Judge McLean denied the Labairs' motion as untimely. He concluded that he "was assigned to the matter by the Chief Justice on June 1, 2015," and that "he remains in jurisdiction." The Labairs appeal the denial of their motion for substitution.

4

## STANDARD OF REVIEW

¶11 A district court's determination whether to substitute a judge is a question of law that we review for correctness. *Mines Mgmt. v. Fus*, 2014 MT 256, ¶ 5, 376 Mont. 375, 334 P.3d 929.

## DISCUSSION

¶12 The Labairs argue that the District Court did not provide them with proper notice of Judge McLean's assumption of jurisdiction, in violation both of § 3-1-804(7), MCA, and of their constitutional right to due process, and that Judge McLean therefore should have granted their motion for substitution. They contend further that Judge McLean's jurisdiction expired when he issued his September 2015 Final Judgment, which in their view constituted "final resolution" of the case under the terms of Chief Justice McGrath's Order. They claim that Judge McLean's subsequent order denying their motion for substitution is void because he lacked jurisdiction over the case.

¶13 This Court's rule governing judicial substitution, codified in § 3-1-804(12), MCA, provides:

> When a judgment or order is reversed or modified on appeal and the cause is remanded to the district court for a new trial, . . . each adverse party is entitled to one motion for substitution of district judge. The motion must be filed, with the required filing fee, within 20 calendar days after the remittitur from the supreme court has been filed with the district court. There is no other right of substitution in cases remanded by the supreme court.

This Court's decision in *Labair II* reversed and remanded the case for a new trial. *Labair II*, ¶ 27. Remittitur was filed with the District Court on November 21, 2016. Under the terms of § 3-1-804(12), MCA, the Labairs had twenty days thereafter to file a motion for

substitution. They did not file their motion until January 17, 2017—fifty-seven days after remittitur. On its face, the Labairs' motion for substitution was untimely.

¶14 The Labairs contend nonetheless that their motion for substitution should have been granted because they were not afforded proper notice of Judge McLean's assumption of jurisdiction over the case. They claim that the District Court's failure to serve notice violated the terms of Chief Justice McGrath's Order and of § 3-1-804(7), MCA, which provides:

> When a new district judge has accepted jurisdiction, the clerk of court shall provide a copy of the assumption of jurisdiction to the first district judge to whom the case was assigned and to each attorney or party of record. A certificate of service must be attached to the assumption of jurisdiction form in the court file.

We have held that "when retired district judges are called in to 'exercise[] the powers of a district judge on a temporary basis,' they are 'judges presiding in district courts' as contemplated by the introductory clause of § 3-1-804, MCA." *Cushman v. Mont. Twentieth Judicial Dist. Court*, 2015 MT 311, ¶ 8, 381 Mont. 324, 360 P.3d 492 (internal citation omitted). The Chief Justice's "specific assignments of retired judges" are "within the intended scope of the right to substitution under § 3-1-804, MCA." *Cushman*, ¶ 8.

¶15 We have addressed district court violations of the rule's notice requirement in two orders on petitions for writ of supervisory control. In *Torres v. Eleventh Judicial District Court*, No. OP 14-0489, 376 Mont. 549, 347 P.3d 265 (table) (Aug. 19, 2014), we granted supervisory control due in part to the district court's noncompliance with § 3-1-804(7), MCA. The original district court judge in that case retired and was

6

replaced by Judge Ulbricht. *Torres* at 1. The district court clerk never sent notice of Judge Ulbricht's assumption of jurisdiction to Torres. *Torres* at 1-2. Torres was unaware of the new presiding judge until he filed a motion on an unrelated matter. *Torres* at 2. As soon as Torres became aware of Judge Ulbricht's involvement in the case, he filed a motion for substitution of district court judge, which the district court denied as untimely. *Torres* at 2. We reversed, reasoning that Torres had filed his motion for substitution promptly after learning of Judge Ulbricht's role in the case. *Torres* at 2-3.

¶16    By contrast, in *Smith v. Fourth Judicial District Court*, No. OP 13-0702, 373 Mont. 440, 318 P.3d 172 (table) (Oct. 29, 2013), we denied a petition for writ of supervisory control despite the district court's failure to comply with the requirements of § 3-1-804(7), MCA. In that case, the district court did not serve notice on Smith of Judge John Larson's acceptance of jurisdiction. *Smith* at 2. Smith did not argue that he did not have notice of Judge Larson's assumption of jurisdiction; he contended only that the district court's failure to comply with the requirements of § 3-1-804(7), MCA, should have voided Judge Larson's subsequent actions in the case. *Smith* at 1-2. We noted that Smith was aware of Judge Larson's jurisdiction, and that he had "filed briefs and appeared at the hearing before Judge Larson on his motions to suppress." *Smith* at 2. We therefore concluded that Smith had not "identified any way in which he [had] been prejudiced by the procedural irregularity." *Smith* at 2.

¶17    The District Court in the present case failed to comply with either § 3-1-804(7), MCA, or Chief Justice McGrath's Order by not serving on the Labairs' counsel notice of Judge McLean's assumption of jurisdiction when the Order was issued on June 1, 2015.

7

But as in *Smith*, and unlike in *Torres*, this "procedural irregularity" did not prejudice the Labairs because the Labairs had actual notice of Judge McLean's involvement in the case. *Smith* at 2.

¶18 Judge McLean resumed judicial authority in the case on June 1, 2015. The District Court had not conducted any activity between Judge McLean's retirement and the June 1, 2015 Order. On the same day as Chief Justice McGrath's Order, counsel for both parties participated in a telephonic hearing in which the court informed them that Chief Justice McGrath had asked Judge McLean to "hear argument on the costs issue" in the case. The District Court Clerk filed a copy of Chief Justice McGrath's Order in the case record. The Labairs' counsel was present at a September 22, 2015 hearing on Carey's motions for sanctions and on the reasonableness of costs, over which Judge McLean presided. Judge McLean issued final judgment that same day, a copy of which was sent to the Labairs' counsel. The Case Register Report identified Judge McLean as the presiding judge from the time of his assumption of jurisdiction to present, including after the November 2016 remittitur of *Labair II*.

¶19 The Labairs could not reasonably have concluded, based on these facts, that anyone other than Judge McLean presided over their case. The court record at all relevant times clearly identified Judge McLean as the presiding judge, and no other judge participated in any hearing or entered any rulings. The purpose of the notice rule in § 3-1-804(7), MCA, is to ensure that parties are informed when a new judge assumes jurisdiction. Here, the District Court's failure to comply with § 3-1-804(7), MCA, did not prejudice the Labairs, because the Labairs had actual notice when Judge McLean

8

assumed jurisdiction in the case. Absent prejudice, we will not disturb the District Court's denial of the Labairs' motion for substitution. *See* M. R. Civ. P. 61 ("At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights.").

¶20 The Labairs argue that the Clerk's failure to give written notice of the June 1, 2015 Order also violated their due process rights. "We have said that the hallmarks of due process are notice and opportunity to be heard." *In re B.W.S.*, 2016 MT 340, ¶ 12, 386 Mont. 33, 386 P.3d 595 (citing *Kulstad v. Maniaci*, 2010 MT 248, ¶ 41, 358 Mont. 230, 244 P.3d 722). "Notice must be reasonably calculated to inform parties of proceedings which may directly and adversely affect their legally protected interests." *Steab v. Luna*, 2010 MT 125, ¶ 22, 356 Mont. 372, 233 P.3d 351 (citation and internal quotations omitted). As discussed above, the Labairs had actual notice of Judge McLean's assumption of jurisdiction over their case. The court's failure to serve official notice on them under § 3-1-804(7), MCA, did not "adversely affect their legally protected interests" where they had actual knowledge of the judge presiding in their case. *Steab*, ¶ 22. Their claim of a due process violation fails.

¶21 Finally, the Labairs argue that Judge McLean's denial of their motion for substitution is of no effect because his jurisdiction over the case had expired before he issued that ruling. But Judge McLean did not automatically lose jurisdiction in this case when the Labairs appealed from the final judgment. Although jurisdiction over a case passes from a district court to this Court when a party files a notice of appeal, *see, e.g., Powers Mfg. Co. v. Leon Jacobs Enters.*, 216 Mont. 407, 411, 701 P.2d 1377, 1380

(1985), jurisdiction vests again in the district court upon reversal and remand, *Zavarelli v. Might*, 239 Mont. 120, 122, 779 P.2d 489, 491 (1989) ("We determine that a district court, on reversal and remittitur from this Court 'for further proceedings,' is reinvested with full jurisdiction of the cause."). And a district court does not lose jurisdiction to rule on ancillary matters after the appeal is taken. *See Powder River Cnty. v. State*, 2002 MT 259, ¶ 27, 312 Mont. 198, 60 P.3d 357 (citing *Powers Mfg. Co.*, 216 Mont. at 411-12, 701 P.2d at 1380). The presiding judge does not change when notice of appeal is filed. After our reversal and remand in *Labair II*, jurisdiction over the case automatically returned to the District Court, with Judge McLean presiding. *See Zavarelli*, 239 Mont. at 122, 779 P.2d at 491.

¶22 The Labairs assert that, under the terms of Chief Justice McGrath's June 1, 2015 Order, Judge McLean's jurisdiction expired when he issued final judgment. Article VII, Section 6(3), of the Montana Constitution and § 19-5-103, MCA, allow the Chief Justice of the Montana Supreme Court to "confer jurisdiction and authority to retired judges as district court judges." *Capital One, NA v. Guthrie*, 2017 MT 75, ¶ 17, 387 Mont. 147, 392 P.3d 158. "The authority the Chief Justice can confer is comprehensive, up to and including all duties of the sitting district court judge." *Capital One, NA*, ¶ 17 (citing § 19-5-103, MCA). Chief Justice McGrath's Order called in Judge McLean to "proceed with any and all necessary hearings, opinions and orders, including *final resolution* of said matters." (Emphasis added).

¶23 In the Labairs' view, "final resolution" of the case occurred when Judge McLean issued final judgment. To support their argument, they cite legal authority—including

10

*Kline v. Murray*, 79 Mont. 530, 257 P. 465 (1927), and M. R. Civ. P. 54(a)—for the proposition that a judgment may be considered final prior to an appeal to the Supreme Court.

¶24 Although Judge McLean issued final judgment, it was not final resolution of the case. The controversy between the Labairs and Carey—the litigation over Carey's liability for legal malpractice—is ongoing. In *Labair II*, we remanded for a new trial, limited to damages resulting from Carey's negligence. *Labair II*, ¶ 27. "Final resolution" of this case will not occur until either settlement between the parties or a new trial and the exhaustion of any appeals. Judge McLean's final judgment did not resolve the controversy between the parties and therefore did not constitute "final resolution" of the case. Under the terms of Chief Justice McGrath's Order, Judge McLean retained jurisdiction at the time of his January 2017 denial of the Labairs' motion for substitution.

## CONCLUSION

¶25 The Labairs had actual notice of Judge McLean's assumption of jurisdiction, Judge McLean retained jurisdiction after our reversal and remand in *Labair II*, and the Labairs filed their motion for substitution after the twenty-day deadline under § 3-1-804(12), MCA. The District Court correctly denied the Labairs' motion, and its denial of their motion is affirmed. The case is remanded for further proceedings.

/S/ BETH BAKER

We Concur:

/S/ MIKE McGRATH
/S/ JAMES JEREMIAH SHEA
/S/ DIRK M. SANDEFUR
/S/ JIM RICE

11