DA 19-0652

FILED

07/21/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 19-0652

IN THE SUPREME COURT OF THE STATE OF MONTANA

2020 MT 182N

JOHN M. SHEA,

      Plaintiff and Appellee,

   v.

PAUL BABB,

      Defendant,

MONTANA MUNICIPAL INSURANCE AUTHORITY,
and JOHN DOES A-Z,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Second Judicial District,
In and For the County of Butte-Silver Bow, Cause No. DV-08-516
Honorable Ed McLean, Presiding Judge

COUNSEL OF RECORD:

      For Appellant

            Kevin C. Meek, Cathy J. Lewis, Ugrin Alexander Zadick, P.C.,
Great Falls, Montana

      For Appellee:

            W. Wayne Harper, Harper Law, LLC, Butte, Montana

                   Submitted on Briefs:  June 10, 2020

                           Decided:  July 21, 2020

Filed:

               _____
                      Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      The Montana Municipal Insurance Authority (MMIA) appeals the District Court's denial of its motion for substitution of judge.   MMIA challenges presiding Judge Ed McLean's authority to continue handling a case in which he was called to preside after the presiding judge retired and again was called to preside following the election of that judge's replacement.  Judge McLean held the motion untimely because MMIA did not move timely to substitute him when he first was designated to hear the case.  We agree and affirm the denial.

¶3      Shea filed the underlying action in November 2008.    Second Judicial District Court Judge Brad Newman presided over the case until he retired from office.  On July 9, 2018, Chief Justice Mike McGrath issued an order calling retired District Judge Ed McLean to active service to assist with the conduct of judicial business in the Second Judicial District.  The order provided in relevant part:

> Judge McLean may assume judicial authority over all cases as requested by the District Court Judges of the Second Judicial District beginning July 18, 2018, through December 31, 2018.  He shall have full authority to

2

conduct all proceedings, including final orders or dispositions in matters over which he presides.

In November 2018, Robert Whelan was elected to fill Judge Newman's position on the bench. On February 14, 2019, the Chief Justice issued a second order calling Judge McLean to active service to assume judicial authority of two Butte-Silver Bow County actions, including this one. The order again authorized Judge McLean "to proceed with any and all necessary hearings, opinions, and orders, including final resolution of said matters." Eleven days later, for reasons not apparent in the record, newly elected Judge Whelan signed an order recusing himself from this case and requesting another judge to preside. Judge Kurt Krueger declined jurisdiction that same day. In the meantime, on February 22, 2019, MMIA filed a motion to substitute Judge McLean. Judge McLean denied the motion as untimely, reasoning that he had been assigned the case the previous July, that the February 14 order reinstated his assignment, and that MMIA's motion thus was untimely.

¶4     Section 3-1-804, MCA, governs Montana's judicial substitution process. It provides, in pertinent part:

> (1)   Each adverse party is entitled to one substitution of a district judge.
> (a)   In a civil action other than those noted in subsection (1)(c), a motion for substitution by the party filing the action must be filed within 30 calendar days after the first summons is served or an adverse party has appeared. A motion for substitution by the party served must be filed within 30 calendar days after service has been completed in compliance with M. R. Civ. P. 4.

.  .  .

3

(8)  If the presiding judge in any action recuses himself or herself or if a new district judge assumes jurisdiction in any action, the right to move for substitution of a district judge is reinstated, except as to parties who have previously obtained a substitution. The time periods run anew from the date of service of notice or other document identifying the new district judge.

A district court's ruling on a motion to substitute the judge presents a question of law that we review for correctness. *Labair v. Carey*, 2017 MT 286, ¶ 11, 389 Mont. 366, 405 P.3d 1284.

¶5    We first reject MMIA's contention that its right to substitute the presiding judge was reinstated when Judge Whelan recused himself.  Even if MMIA were correct that Judge McLean's first assignment expired on December 31, 2018, the recusal order came well after the Chief Justice's second order assigning Judge McLean to the case.  Because Judge Whelan was not the judge in jurisdiction at the time he purportedly recused himself, his recusal order had no force or effect.

¶6    We disagree with MMIA further that the Chief Justice's February 2019 order reinstated its right to move for substitution under § 3-1-804(8), MCA.  The July 9, 2018 order calling Judge McLean to service authorized him to assume jurisdiction of cases between July and December 2018; it expressly gave him authority to "conduct all proceedings, including final orders or dispositions in matters over which he presides." Judge McLean was the only judge who presided in the case after Judge Newman retired. The February 14, 2019 order repeated that he had jurisdiction in the case to conduct all proceedings up to and including the final disposition.  The authorizing language of the July 2018 order broadly conferred jurisdiction to handle the case until final disposition.

4

The second order may have been unnecessary in light of that language, or it may have been issued to clear up any confusion. Either way, it did not result in a "new district judge assum[ing] jurisdiction" in the case. Section 3-1-804(8), MCA. As such, MMIA's February 22, 2019 motion for substitution was untimely and the District Court properly denied it.

¶7 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. The District Court's interpretation and application of the law were correct. Its October 18, 2019 order denying MMIA's motion for substitution is affirmed.

/S/ BETH BAKER

We Concur:

/S/ MIKE McGRATH
/S/ INGRID GUSTAFSON
/S/ JIM RICE

Justice James Jeremiah Shea did not take part in the consideration of this matter.

Justice Laurie McKinnon, dissenting.

¶8 I dissent from the Court's decision that a judge may continue to sign "final" orders once the judge no longer has statutory or constitutional jurisdictional authority to preside over cases. This Court has never allowed such a procedure to occur in the past; that is, to extend a retired judge's jurisdiction beyond that conferred by this Court's own order,

5

thereby allowing the retired judge to continue to preside over cases assigned to a new judge. Judge McLean's assumption of Judge Newman's caseload ended once Judge Whelan was elected and sworn in as the new district judge in January of 2019. This is a routine practice in Montana and one which the substitution rule accommodates. In recognition of this procedure, the order entered in July 2018 by Chief Justice McGrath expressly limited Judge McLean's jurisdiction "beginning July 18, 2018, *through December 31, 2018*." (Emphasis added). Accordingly, the Court's conclusion that language in the July 2018 order somehow extended jurisdiction beyond December 31, 2018, to allow Judge McLean to reach out and touch litigants, "including final resolution of said matters," is contrary to the statutory and constitutional limits of a district judge's jurisdiction, not to mention the clear language in the order providing for a date certain upon which jurisdiction would terminate.

¶9 The Court reasons that the "authorizing language" of the July 2018 order "broadly conferred jurisdiction" to handle the case until "final disposition." However, the July 2018 order's express language recognized statutory and constitutional limitations to such a conferral when it allowed for jurisdiction to terminate once the new judge was elected and sworn in to office. Contrary to the Court's presumption, and assuming validity of the second order, the Chief Justice did not issue the February 2019 order to merely reiterate the contents of the earlier July 2018 order or "to clear up any confusion," Opinion, ¶ 6. Such an action would have been a redundant waste of judicial resources, if the Court's reading of the July 2018 order were correct. Instead, the Chief Justice's

6

second order was necessitated because of the lapse in Judge McLean's jurisdiction on December 31, 2018.

¶10 The Court cites no statute or case law as authority for its assertion that the February 2019 order continued Judge McLean's previously expired jurisdiction. In my opinion, when the Chief Justice conferred, and Judge McLean assumed, jurisdiction in the present case by the Chief Justice's February 2019 order, that action was not a continuation of the jurisdiction which became void on December 31, 2018, by the Court's own July 2018 order. Although the Court reasons that Judge McLean was not a "new" judge under § 3-1-804(8), MCA, the Court overlooks that jurisdiction transferred following the expiration of Judge McLean's jurisdiction on December 31, 2018, and commencement of Judge Whelan's term on January 1, 2019; at that point, Judge Whelan became the "new district judge" for which the parties had a right to substitute. Section 3-1-804(8), MCA.

¶11 The parties have a right to expect the substitution statute will be applied consistently and, apparently wanting Judge Whelan to continue to preside over their case, did not exercise the right of substitution under § 3-1-804, MCA. Thereafter, Chief Justice McGrath's second order in February 2019 was issued without there having been either a recusal or a substitution request made by either party. The Chief Justice's February 2019 order did not state that Judge McLean was continuing jurisdiction in the present case; rather, it stated that Judge McLean was "to assume jurisdiction." As Judge Whelan took office on January 1, 2019, one day after Judge McLean's jurisdiction

7

had expired, the February 2019 order meant that Judge McLean was assuming jurisdiction from Judge Whelan, thereafter making Judge McLean the "new district judge" on the case and triggering the reinstatement of MMIA's right to move for substitution. Section 3-1-804(8), MCA. When MMIA received a Certificate of Service from the Court notifying it that Judge McLean had been called in by the Chief Justice's February 2019 order, the "time period [for a valid substitution motion] r[a]n anew." Section 3-1-804(8), MCA.

¶12 As Judge McLean's jurisdiction over these proceedings had terminated December 31, 2018, and Judge Whelan assumed jurisdiction, the order in February 2019 served to appoint a new judge; that is, one other than Judge Whelan to preside over these proceedings. To the extent the order was valid, it triggered MMIA's statutory right of substitution because a "new district judge," different from Judge Whelan, became the presiding judge as contemplated in the substitution statute, § 3-1-804(8), MCA. MMIA timely exercised that right.

¶13 I would conclude that the substitution request was timely. To the extent we conclude otherwise, I dissent.

/S/ LAURIE McKINNON

Justice Dirk Sandefur joins in the Dissent of Justice Laurie McKinnon.

/S/ DIRK M. SANDEFUR

8