FILED

06/24/2025

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 24-0746

DA 24-0746

IN THE SUPREME COURT OF THE STATE OF MONTANA

2025 MT 134

KRIS HAWKINS,

      Petitioner and Appellant,

  v.

STATE OF MONTANA, through its
DEPARTMENT OF REVENUE,

      Respondent and Appellee.

APPEAL FROM:   District Court of the Twenty-First Judicial District,
                 In and For the County of Ravalli, Cause No. DV-24-145
                 Honorable Jennifer B. Lint, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

       Kris Hawkins, Self-Represented, Missoula, Montana

       For Appellee:

       David Burleigh, Senior Tax Counsel, Montana Department of
       Revenue, Helena, Montana

                           Submitted on Briefs:  May 28, 2025

                                   Decided:  June 24, 2025

Filed:

                            _____
                                    Clerk

Chief Justice Cory J. Swanson delivered the Opinion of the Court.

¶1     Kris Hawkins appeals from the October 23, 2024 order of the Twenty-First Judicial District Court dismissing her petition for interlocutory adjudication of an appeal before the Montana Tax Appeal Board (MTAB).  We affirm.

¶2     We restate the issue on appeal as follows:

*Did the District Court have subject matter jurisdiction to hear an interlocutory adjudication of a matter the Montana Tax Appeal Board had already dismissed?*

**FACTUAL AND PROCEDURAL BACKGROUND**

¶3     In March 2018, Aileen Davenport filed a Realty Transfer Certificate indicating the property located at 5310 Lower Martin Lane (Property) in Florence, Ravalli County, had been transferred to the Olson Trust (Trust).  In April 2018, and again in January 2019, the Department of Revenue (DOR) requested documentation identifying the trustee of the Trust, which was never provided.

¶4     In July 2023, Hawkins, purporting to act as trustee of the Trust, requested informal review of DOR's appraised value of the Property.  DOR did not adjust the appraised value, which Hawkins appealed to the Ravalli County Tax Appeals Board.  However, there was some doubt as to whether Hawkins was the trustee of the Trust.[1]  After several requests to provide documentation proving Hawkins's status as trustee, Hawkins filed a certification

---

[1] Among other concerns, DOR never had an official record of the trustee of the Trust, despite requesting such information several times in 2018 and 2019; had recently received a letter from Aileen Davenport, purporting to be trustee, in January of 2023; and Hawkins's repeated refusal to provide supporting documentation, despite claiming to have it (and which apparently and "coincidentally" was lost to a fire on the exact day MTAB first sent a letter requesting the documentation).

2

of trust pursuant to § 72-38-1013, MCA, claiming she was trustee. The Ravalli County Tax Appeals Board denied Hawkins's request for a reduction in value. Hawkins appealed to MTAB, which requested confirmation of Hawkins's role as trustee of the Trust several times—first via letter dated February 2, 2024, second via order filed March 14, and third via order filed April 29. *See* § 72-38-1013(5), MCA.

¶5 On March 8, Hawkins filed a declaration in support of disqualification (Declaration) of the MTAB members, alleging bias and violations of her rights. The Declaration did not cite any statutes or contain any facts underscoring her belief that MTAB should be disqualified. MTAB took no action on the Declaration until addressing it in the order of dismissal.

¶6 On March 22, 2024, Hawkins filed a petition for interlocutory adjudication (Petition) with the District Court, pursuant to § 15-2-304, MCA. On March 25, the court sua sponte struck the Petition as the Trust was an entity and was not represented by an attorney. On April 1, Hawkins filed a motion in the District Court, requesting the court substitute her for the Trust as petitioner and to reinstate the Petition.

¶7 On April 29, MTAB issued another order to provide documentation of Hawkins's role as trustee within thirty days or it would dismiss the appeal. Hawkins did not provide the documentation. Instead, on May 1, Hawkins sent an "Objection and Demand" asserting the order was without authority following her March 8 Declaration and demanding MTAB "*IN DETAIL*" set forth the facts upon which it was continuing to act. (Emphasis in original.) Failure to do so, Hawkins asserted, would constitute admissions MTAB had no authority in the appeal, had a significant conflict of interest precluding a fair and impartial

3

hearing, and that MTAB's orders to provide additional documentation were made in bad faith. On June 14, MTAB dismissed the appeal and also found Hawkins's Declaration was "unsupported."

¶8 On July 5, Hawkins filed a "Supplemental Brief in Support of Motion" in the District Court, arguing the court should grant her March 31 motion. On July 8, the District Court granted her motion, substituting Hawkins for the Trust, and reinstated the Petition for Interlocutory Adjudication.[2] DOR filed a motion to dismiss the Petition for lack of subject matter jurisdiction as the underlying MTAB case had already been dismissed. The District Court granted the motion, holding "The record unequivocally demonstrates that the matter before the MTAB has concluded, despite Petitioner's desire to void the MTAB's dismissal via her baseless disqualification filing." The court therefore dismissed the Petition, finding it lacked subject matter jurisdiction for an interlocutory adjudication of a matter no longer pending before MTAB. Separately, the court found Hawkins's Petition would require it to find facts exceeding its authority under § 15-2-305, MCA. Hawkins appeals.

---

[2] However, at no time before dismissing the Petition did the District Court ever assume jurisdiction over the appeal and deprive MTAB of its jurisdiction. *Accord Bechtel Group v. Dep't of Revenue*, No. ADV 98-448, 1998 Mont. Dist. LEXIS 412, *3–*4 (Mont. 1st Judicial Dist. Oct. 2, 1998) (denying petition for interlocutory adjudication even though court would have jurisdiction to resolve some issues presented); *Roosevelt v. DOR*, No. DV 98-50, 1998 Mont. Dist. LEXIS 824, *2 (Mont. 10th Judicial Dist. Aug. 25, 1998) (granting jurisdiction to hear interlocutory appeal under §§ 15-2-304, through -305, MCA). *Compare Orcutt v. Mont. Seventh Judicial Dist. Court*, No. OP 15-0516, 381 Mont. 544, 357 P.3d 337, *2 (Sept. 8, 2015) (notice of appeal automatically deprives district court of jurisdiction to hear most issues). Even if jurisdiction automatically accrued to the District Court upon filing of the Petition, it would vest again in MTAB when the District Court dismissed the Petition. *Accord Labair v. Carey*, 2017 MT 286, ¶ 21, 389 Mont. 366, 405 P.3d 1284.

**STANDARD OF REVIEW**

¶9      We review de novo whether a district court has subject matter jurisdiction. *In re Estate of Scott*, 2023 MT 97, ¶ 9, 412 Mont. 303, 529 P.3d 867.

**DISCUSSION**

¶10     *Did the District Court have subject matter jurisdiction to hear an interlocutory adjudication of a matter the Montana Tax Appeal Board had already dismissed?*

¶11     Hawkins argues the MTAB appeal is still pending because she filed her Declaration on March 8, 2024, and MTAB thereafter had no authority to dismiss her case. In support of this argument, Hawkins cites § 3-1-805, MCA, which is explicitly "limited in its application" to situations not applicable here. Section 3-1-805, MCA, was enacted by Supreme Court order in 1987 to govern the disqualification of judges for cause and explicitly "limited . . . its application to judges presiding in district courts, justice of the peace courts, municipal courts, small claims courts, and city courts." This statute provides no authority for Hawkins's arguments. It is not a legislatively enacted statute, but a codification of a Supreme Court rule, which has no bearing on administrative agencies exercising their quasi-judicial functions.

¶12     Hawkins also cites the Montana Administrative Procedure Act (MAPA), § 2-4-611(4), MCA, to argue MTAB lost jurisdiction to the Department of Administration immediately after she filed her Declaration. This section is the proper statute and "establishes the manner in which a party may file an affidavit of personal bias, lack of independence, disqualification by law, or other disqualification of a hearing examiner." *In re Sorini*, 220 Mont. 459, 461–62, 717 P.2d 7, 9 (1986); *see also* § 15-2-301(5), MCA

5

(MAPA applicable to appeals from county tax board decisions except where in conflict). Subsection (4) requires a "sufficient affidavit of personal bias, lack of independence, disqualification by law, or other disqualification" after which "the agency" shall determine the matter as part of the record and decision in the case.

¶13     Hawkins substitutes "the agency" with "department of administration," which is not the correct agency for an allegation of bias before MTAB.  "The [MTAB] is attached to the department of administration for administrative purposes only as provided in [§] 2-15-121."  Section 15-2-102(1), MCA.  Instead, when MTAB receives a "sufficient affidavit" of bias or disqualification, MTAB is the proper "agency" to determine the matter as part of the record and decision in the case.[3]  Section 2-4-611(4), MCA.

¶14     As MTAB found, Hawkins's affidavit did not sufficiently allege bias.  The District Court also found the Declaration "baseless."  We agree.  The affidavit contains 12 conclusory and self-serving statements alleging bias, none of which point to record evidence or otherwise support a showing of bias.  Many of the statements also allege appealable issues rather than issues warranting disqualification due to bias.  These conclusory statements do not constitute a "sufficient affidavit."

¶15     MTAB did not automatically lose jurisdiction of the case after Hawkins's unfounded Declaration.  MTAB dismissed Hawkins's appeal after her repeated failure to

---

[3] Admin. R. M. 2.51.201 (2023), incorporates the attorney general's model procedural rule located at Admin. R. M. 1.3.218(4) (2008).  It states "an agency may disqualify a hearing examiner if the agency determines personal bias, lack of independence, disqualification by law, or other disqualification criteria exist.  A motion to disqualify filed by a party must be supported by affidavit."  Given that, MTAB properly dismissed the Declaration as unfounded.  That decision is—and already has been—subject to judicial review.

verify her status as trustee of the Trust. As such, when the District Court reinstated the Petition, there was no "issue pending before" MTAB and the court therefore lacked subject matter jurisdiction to hear the case. Section 15-2-305, MCA. Hawkins did not appeal MTAB's final decision under § 15-2-303, MCA. The court properly dismissed the Petition.

**CONCLUSION**

¶16 The District Court lacked subject matter jurisdiction to hear an interlocutory adjudication pursuant to § 15-2-305, MCA, when the underlying matter had already been dismissed by MTAB.

¶17 Affirmed.

/S/ CORY J. SWANSON

We Concur:

/S/ JAMES JEREMIAH SHEA
/S/ LAURIE McKINNON
/S/ KATHERINE M BIDEGARAY
/S/ INGRID GUSTAFSON

7